VANBUSKIRK and another *against* THE HARTFORD FIRE INSURANCE COMPANY.

In this state, it is well settled law, that in order to perfect an assignment of a *chose in action,* as against *bona fide* creditors and purchasers without notice, notice of such assignment must be given to the debtor within a reasonable time.

An attaching creditor without notice of such assignment, acquires a lien upon the debt as valid as the title acquired by a purchaser.

Where *A*, having a claim against an insurance company incorporated by the legislature of this state, for a loss on a policy of insurance, countersigned by its agent, and delivered to *A*, in the state of *New-York*, assigned such claim to *B* in the state of *New-York*, on the 14th of *February*, 1837, but did not give notice of the assignment to the insurance company until the 3d of *April*, 1837; and in the mean time, *C*, a creditor of *A*, attached such claim, by process of foreign attachment in this state; *A*, *B* and *C* being inhabitants of the state of *New-York*; *qu.* whether, in case of a conflict of laws, the law of this state or that of *New-York*, ought to govern.

But, as it did not, in such case, distinctly appear, that an assignment so made without notice to the debtor before the attachment, woutd, by the law of *New-York*, be effectual to transfer the title, except *as between the parties;* it was held, that the assignment was not available to defeat the attachment.

THIS was a *scire-facias* in a process of foreign attachment.

The original suit was brought by the plaintiffs against *Joseph Mortimer,* of the city of *New-York;* and the writ was served, by leaving a copy thereof with the present defendants, on the 24th of *February,* 1837. The indebtedness of the defendants to *Mortimer* consisted of a claim against them in his favour for a loss on a policy of insurance, effected by them, on his property, which was consumed by fire, in the month of *December,* 1836, within the period covered by the policy; and such proceedings were had thereupon, that the defendants became liable to him in the sum of 2366 dollars, 8 cents; no part of which has ever been paid. The policy was issued at *Hartford,* in this state, in blank, with the signatures only of the president and secretary of the company; and was filled up, countersigned, and delivered, by their agent, *Oliver Steele,* at *Albany,* in the state of *New-York.* On the 14th of *February,* 1837, *Joseph Mortimer* executed and delivered, at *New-York,* for an adequate consideration, to *John Mortimer,* an assignment of the sum due on the policy; the plaintiffs and the parties to the assignment being then, and ever since, inhabitants of the state of *New-York.* At that time, and before

*Hartford,*
*June, 1841.*

Vanbuskirk
*v.*
Hartford Fire
Insurance Co.

the 24th of *February*, 1837, said policy of insurance, then in the possession of *Joseph Mortimer*, was by him delivered to *John Mortimer*, in conformity with the provisions of the assignment; and the latter is still in possession of the policy, and invested with all the rights conferred by the assignment.    On the 3d of *April*, 1837, notice of such assignment was, by *John Mortimer*, the assignee, given to the defendants, and not before.    There was a daily communication by mail between the residence of said assignee and the town of *Hartford*.    The court found, on the testimony of a counsellor at law, residing in the state of *New-York*, that by the law of that state, as it now is, and has been during the transactions in question, "an assignment of a *chose in action* is effectual to convey the title to the assignee upon *delivery* of the instrument to him ; and no notice need be given to the debtor that such claim against him had been assigned."

On these facts the case was reserved for the advice of this court as to what judgment ought to be rendered.

*W. W. Ellsworth*, for the plaintiffs, contended, 1. That by the settled law of this state, notice, within a reasonable time at least, is necessary to secure the assignee of a *chose in action* against the purchase or attachment of a *bona fide* purchaser or an attaching creditor.    *Bishop* & al. v. *Holcomb*, 10 *Conn. Rep.* 444. 446, 7.    *Judah* v. *Judd*, 5 *Day* 534.    *Tudor* & al. v. *Perkins*, 3 *Day* 364. 376, 7.    1 *Sw. Dig*. 437.

2. That our own law is to controul an assignment, which is sought to be made available here.    Notice is a *local* requisite. In the case of *Judah* v. *Judd*, the assignment was made in the state of *New-York;* and yet this fact did not remedy the want of notice.    If our law does not govern in cases like this, the garnishee will never know to whom payment can be safely made.    Is he to inquire, not only whether an assignment of the debt has been made, but *where* it was made, and what the *law* or *practice* at that place is ?    Suppose the defendants had paid this loss to the insured, before the 3d of *April*, 1837; would they not be protected ?    The case of *The Richmondville Manufacturing Company* v. *Prall*, 9 *Conn. Rep.* 496. shews, that the *local law* must govern.    The case of *Taylor* & al. v. *Geare* & al. *Kirby* 113. rests on the same principle.

3. That if the plaintiffs are wrong thus far, still the assignee

has been guilty of *negligence,* in not giving notice until after the lapse of *forty days ;* and on that ground he ought to be postponed.   A better equity has been acquired, by the diligence of the plaintiffs.   2 *Sto. Eq.* 301.   An assignee, until he has given notice, has not done every thing incumbent on him to do to complete his title.   The case then stands thus : the assignee's equity is not greater than that of the plaintiffs, and his diligence is far less.

·*Hartford*
June, 1841.

Vanbuskirk
*v.*
Hartford Fire
Insurance Co.

4. That by the finding it does not appear, that notice, by the law of *New-York,* is not necessary to defeat an attachment, by a creditor of the assignor, though as between the parties the title may have passed.   The finding is only as to the rights between assignor and assignee.

*Hungerford* and *Cone,* for the assignee, contended, 1. That whether the assignment of *Joseph Mortimer* to *John Mortimer* would, without immediate notice thereof to the defendants, protect this claim, as against an attaching creditor of *Joseph Mortimer* residing in *Connecticut,* or any other state than *New-York,* such an assignment will protect it against the present plaintiffs, who, as well as both assignor and assignee, were all citizens of the state of *New-York.   Whipple* v. *Thayer,* 16 *Pick.* 25.   *Daniels* v. *Willard, Id.* 36.   *Burlock* v. *Taylor, Id.* 335.   As a general rule, personal property, consisting either of tangible chattels or *choses in action,* has no locality ; and the validity of its transfer or alienation, by the owner, is determined, by the laws of the place in which he has his domicil, and which laws, upon his death, are to regulate the disposition of it.   *Thorne* v. *Watkins,* 2 *Ves.* 35. *Sill* v. *Worswick,* 1 *H. Bla.* 665.   *Robinson* v. *Bland,* 2 *Burr.* 1079.   S. C. 1 *W. Bla. Rep.* 247.   *Sto. Conf. Laws,* sect. 383. and authorities there cited.   *Whipple* v. *Thayer, Daniels* v. *Willard* and *Burlock* v. *Taylor,* ubi sup.   *Holmes* v. *Remsen,* 4 *Johns. Ch. Rep.* 460.   *Abraham* v. *Plestoro,* 3 *Wend.* 538.   *Hunter* v. *Potter,* 4 *Term Rep.* 182.   *Sto. Conf. Laws,* sect. 396. & seq.   To this general rule there are some exceptions, among which are to be included those cases in which the transfer or disposition of the property is regulated by some positive law of the country or place in which the property is situated, or in which, from the nature of the particular property, it has, necessarily, an implied locality ; as in

*Hartford, June, 1841.*

*Vanbuskirk v. Hartford Fire Insurance Co.*

case of *stocks* in the public funds, banks, insurance and other incorporated companies. *Robinson* v. *Bland*, 2 *Burr.* 1079. *The Richmondville Manufacturing Company* v. *Prall*, 9 *Conn. Rep.* 487. *Sto. Conf. Laws*, 315, 16. *sect.* 383. *Milne* v. *Moreton*, 6 *Binn.* 353. 361. But although the stock in incorporated companies may have a locality, the *contracts* of such companies have no locality. *Sto. Conf. Laws*, 316. note 2.

2. That if the assignment in this case was governed by the law of the place where it was made, and where the parties had their domicil, it was, under the finding of the court, a valid assignment, without notice to the defendants; and having been made before service of the attachment, it must prevail against it, and constitute a good defence to this suit.

WAITE, J. The plaintiffs brought their suit, by foreign attachment, against *Joseph Mortimer*, and attached a debt claimed to be due to him from the defendants upon a policy of insurance. Having recovered judgment in that suit, they brought their *scire-facias* against the defendants to recover their demand. Payment was resisted, by the defendants, upon the ground of an assignment of the debt made to *John Mortimer*, previous to the attachment. It is found, by the court below, that no notice of that assignment was given to the defendants until long after the attachment.

The question arising in this case, is, whether the plaintiffs are entitled to recover.

If the case is to be governed by the laws of this state, it is clear, that the defence cannot prevail : for the rule here, is well settled, that, in order to perfect an assignment of a *chose in action*, as against *bona fide* creditors and purchasers without notice, notice of such assignment must be given to the debtor within a reasonable time ; and unless such notice is given, creditors may attach and acquire a valid lien ; and others may purchase the debt, and gain a title superior to that of the first assignee. *Bishop* & al. v. *Holcomb*, 10 *Conn. Rep.* 444. *Judah* v. *Judd*, 5 *Day*, 534. *Woodbridge* v. *Perkins*, 3 *Day*, 364. And so far as regards subsequent purchasers, the same law is fully recognized and established in *England*. *Williams* v. *Thorp*, 2 *Simons*, 257 *Dearle* v. *Hall*, 3 *Russell*, 1. *Loveridge* v. *Cooper*, 3 *Russell*, 30.

*Foster* v. *Cockerell*, 9 *Bligh's Rep.* 322. 2 *Story's Equity*, 301. Here, no notice of the assignment of the debt to *John Mortimer* was given to the defendants until after the attachment; and it is not claimed, that the plaintiffs had any knowledge of that assignment. They, therefore, by the law of this state, acquired a lien paramount to the title of the assignee. In this respect, an attaching creditor stands in a situation, very similar to that of a subsequent purchaser. He obtains a lien upon the debt, as valid as the title acquired by a purchaser.

*Hartford, June, 1841.*

Vanbuskirk
*v.*
Hartford Fire
Insurance Co.

But although it is not denied by the defendants, that such is the law of *Connecticut*, yet it is claimed by them, that the assignment was made in the state of *New-York*, where a different rule of law applies in relation to assignments of *choses in action;* and that upon the principles of comity, the same effect ought to be given to the assignment here, as would be given to it, in that state.

But does it appear, that the law of the state of *New-York* differs from ours? It is found by the court, (and as we are informed in the language of the witness,) that "an assignment of a *chose in action* is effectual to convey the title to the assignee, upon delivery of the instrument; and no notice need be given, by the debtor, that such claim against him had been assigned." That undoubtedly is the law here, so far as regards *the parties* to the assignment. It is even good as against all persons who have notice of the assignment. But would it be effectual as against attaching creditors, and subsequent purchasers without such notice? That fact is not found by the court; nor, in our opinion, is it a necessary inference from what is found.

To justify the conclusion that the laws of the state of *New-York* so widely differ from ours and those of *England*, upon a principle, which, we believe so correct and salutary, as that requiring notice to be given of the assignment of a *chose in action*, to protect it against the subsequently acquired rights of other persons, it ought to be made distinctly to appear, and not left to any forced construction.

What would be the effect of such a conflict of laws upon the present case, were it proved to exist, we do not deem it necessary to determine. Upon that question there are various and conflicting decisions. *Richmondville Manufacturing*

*Hartford,*
*June, 1841.*

*Company* v. *Prall* & al. 9 *Conn. Rep.* 487.   *Oliver* v.
*Townes,* 14 *Martin's Rep.* 97.   *Pomeroy* & ux. v. *Rice,* 16
*Pick.* 22.   *Daniels* & al. v. *Willard,* 16 *Pick.* 36.   *Burlock*
v. *Taylor,* 16 *Pick.* 335.

But as we are not satisfied from the finding of the court below, that any material difference exists between the law of this state and that of *New-York,* we are of opinion, that the plaintiffs are entitled to judgment for the amount due by the defendants on the policy, at the time the original writ was served upon them.

In this opinion the other Judges concurred.

Judgment for the plaintiffs.