### Marshall Campbell *v.* Clark Day.

An admission, made by a party to the record, though made subsequent to the commencement of the suit, is competent evidence for the other party. Whether the party, who made the admission, has any interest in the suit, or is a merely nominal party, is a question of fact for the jury to find.

If a note have been assigned by the payee to a third person, and notice thereof given to the maker, a payment by the maker to the payee, subsequent to the notice, will be of no avail as a defence to the note; but, if notice of the assignment have not been given to the maker, and he pay the note in good faith to the payee, such payment will be a good defence for the maker, when sued upon the note.

The court are not required, in a charge to the jury, to answer every request of the parties in the words made use of in the request; they must instruct the jury correctly as to the law, but may adopt their own language.

Assumpsit on a promissory note, signed by the defendant, and made payable to the plaintiff, or order. Plea, the general issue, and trial by jury.

On trial the execution of the note by the defendant was conceded. The defendant then gave in evidence a writing, purporting to be a receipt in full for the amount of the note, and signed by the plaintiff. He also gave in evidence a writing, signed by the plaintiff, and executed since the commencement of this suit, purporting to be an acknowledgment that the note had been paid by the defendant to him, and stating that this suit was prosecuted without his leave.

Evidence was then given, on the part of the plaintiff, tending to show, that, long before the commencement of this suit, the plaintiff assigned and sold the note to one Dudley, and that the note then became the property of Dudley, and that this fact was known to the defendant, and that he was duly notified thereof "long before said suit was commenced."

The counsel on the part of the plaintiff requested the court to charge the jury, "that, if they found, that, at the time the defendant received the last mentioned writing, he knew that the note was the property of Dudley, it could not operate as any defence to prevent a recovery on the note."

But the court did not so charge the jury, but instructed them, that if, at the time the defendant paid the note to the plaintiff, Dudley, or any other person, was the owner of the note, and if that fact was known to the defendant, the payment would not avail him in his defence, and the plaintiff would be entitled to recover, notwithstanding such payment; but that if the payment was made by the defendant in good faith, he not knowing at the time that the plaintiff had sold or assigned the note to any other person, the plaintiff could not recover.

To which charge of the court, and refusal to charge as requested, the plaintiff excepted.

*N. Kinsman* for plaintiff.

The doctrine that courts will protect the equitable interest of an assignee is no longer a question; it is supported by abundance of authorities, and is recognized by our courts; see 1 Dane's Abr. 283, and the following pages, where all the cases are collected. 1 D. Ch. 346. 2 Aik. 373. 1 Vt. 168. It does not appear but that both of the receipts, or discharges, from the plaintiff, relied upon by the defendant, were executed after the note was sold and assigned to Dudley, and after the defendant had due notice thereof. But it does appear that the defendant had due notice that Dudley owned said note, long before the last discharge was executed,—which was not executed until after the commencement of this suit. Therefore this last discharge could not operate as a defence, to prevent a recovery on the note; and the counsel for the plaintiff requested the court so to charge. But the court did not so charge, which was error in the court, in as much as the request was reasonable, and in accordance with law.

*L. B. Peck* for defendant.

1. The writing now in question was admitted without objection. It was not a discharge of the action, but merely an admission on the part of the plaintiff, that the note had been paid. If the plaintiff intended to rely upon the objection, that this declaration was not admissible, he should have proved the assignment and transfer of the note, and then objected to the paper's being read to the jury. He comes too late with his objection. *Abbott* v. *Parsons*, 20 E. C. L. 241.

2. The paper was admissible, as it contained the admission of the party to the record. 1 Phil. Ev. 74. 2 Stark. Ev. 39. *Bauerman* v. *Radenius*, 7 T. R. 663. *Bulkley* v. *Landon*, 3 Conn. 72.

3. The plaintiff has no reason to complain of the charge of the court. They went farther for the plaintiff than they were asked to go, when the jury were told that, if the defendant knew, when he paid the note, that it was not the plaintiff's property, the latter was entitled to a verdict.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The writing executed by the plaintiff was read in evidence, and was not objected to. No legal objection could be made to it. It was the acknowledgment of the party on record, and the court could not assume it to have been proved that he had no interest in the case. That was a question, which the jury were to find.

The law was correctly laid down to the jury; though it was not a direct and literal answer to the request. It is incumbent on the court to charge the law correctly, and they may adopt their own language; they are not required to answer every request precisely in the words made use of in the request. We believe, if the plaintiff has sustained any injury, it cannot be because the court did not give the law to the jury in an explicit and satisfactory manner.

The judgment of the county court is therefore affirmed.