Loomis & Jackson *v.* Loomis.

---

## LEWIS A. LOOMIS & CHARLES L. JACKSON *v.* WILLIAM LOOMIS.

*Partners. Admissions of one Partner. Parties. Assignment, &c. Evidence.*

The admissions by one partner, made after the dissolution of the firm and an assignment by him, in regard to the business of the firm previously transacted are admissible, as evidence against all the partners.

A party of record cannot be treated as a nominal party merely, if he has any interest in the amount recovered, even though that interest may be in the surplus, after paying specific debts, for which he has made an assignment.

Loomis & Jackson *v.* Loomis.

Until notice of an assignment is given to the debtor, the rights and interests of the debtor, are in no way affected by the assignment, and the same evidence, that would be admissible, as between the original parties, is admissible as against the assignee.

Where one is a partner, and co-plaintiff on the record, and directly interested to sustain the suit, and is liable for costs, his interest is of such a character, that he cannot remove it by any act of his own, so as to become a competent witness, against the consent of the defendant.

ASSUMPSIT for goods, wares, and merchandize sold the defendant by the plaintiffs, who were partners in trade, in Georgia in this State.

Plea, the general issue, and trial by jury.

On the trial the plaintiffs offered evidence tending to prove the delivery of the goods in question.

The defendant then offered in evidence the declarations of Lewis A. Loomis one of the plaintiffs of record. To the admission of these declarations, the plaintiffs objected on the ground that they were made subsequent to a dissolution of the partnership, and subsequent to a written assignment of said Lewis A. Loomis to one Charles Jackson, by whom it appeared this suit was instituted and prosecuted, as assignee. Also on the ground, that said Lewis A. Loomis, after said assignment and dissolution having become insolvent, was interested for the defendant, the defendant claiming that said goods were received to apply on a private debt of the said Lewis A.; but that if the said Lewis A., was not interested for the defendant, then he was a competent witness for him, and consequently his declarations out of court ought not to be received.

The court,—PECK, J., presiding,—overruled the objections, and permitted the defendant to prove the declarations so made by the said Lewis A. after said dissolution, assignment, and insolvency. The evidence tended to prove, that said Lewis A. Loomis had stated, after the said assignment and dissolution, that the goods in question were at the time they were delivered, which was before said dissolution and assignment, delivered to the defendant, with the knowledge and consent of both partners, in payment and discharge of a certain contract entered into between said Lewis A. and the defendant for the purchase of brick, by the said Lewis A., sufficient to build a store for the said Lewis A.

The defendant also offered to prove, by the declarations of said Lewis A., made as aforesaid, that at the time said Lewis A. made the contract for the said brick, (the said contract was in writing,) both plaintiffs were present, and requested the defendant to take his pay for said brick out of their store; that the defendant declined at that time to agree so to do, but said if he should wish to purchase any goods, and could have them as cheap of the plaintiffs as elsewhere, he would take them to apply on the said contract; and that subsequently, and at the · time the first goods in question were delivered to the defendant, it was agreed between said Lewis A. and the defendant, with the knowledge of the plaintiff, Jackson, that defendant should take goods to apply on said contract for brick, and that they were so delivered in payment for the said brick. To the admission of this testimony plaintiffs objected; but the court overruled the objection and admitted the same.

The plaintiffs then offered Charles L. Jackson, one of the plaintiffs of record, as a witness. It appeared, that previous to the commencement of this suit, said Charles L. had also executed a written assignment of all his interest in the late firm of Loomis & Jackson, to the said Charles Jackson; and the said Charles L. Jackson also executed and offered to deliver to the said Charles Jackson, then in court, an assignment, of the specific demand in suit, under seal; and the said Charles Jackson also executed and then and there offered to deliver to the said Charles L., a release of all claim or liability on account of the demand in suit, and to account to said Charles L. for the same whether collected or not, which release was also under seal. The said Charles Jackson also offered to deposit, with the clerk of the court, a sum of money, more than sufficient to pay the costs of this suit, to be held by the said clerk for that purpose, and to indemnify said Charles L. from all liability for said costs.

The court decided, that if said assignments and releases were delivered, and said money deposited, as aforesaid, still the said Charles L. was inadmissible as a witness for the plaintiffs.

There was no evidence tending to show the amount which had been received, by the assignee Charles Jackson, from the assets of Loomis & Jackson; but it appeared from the books of said firm, which were in evidence, that the goods in question were charged

to the defendant in the ordinary manner that they charged their customers; and that they remained so charged and were upon the books apparently unpaid for, at the time of said assignment. And it also appeared from the books and other evidence, that said goods were all delivered after the date and execution of the written contract for the brick, and before the assignment. by said Lewis A. Loomis, and before the dissolution of the partnership.

The evidence also tended to show that the defendant delivered about twenty-nine thousand brick, before the assignment and insolvency of said Lewis A., in pursuance of his contract, and that he had the residue ready for delivery, and subsequently delivered the same, it requiring about thirty-four thousand to build the store, which the brother of the said Lewis A. Loomis afterwards built. There was no evidence tending to show any breach by defendant of his contract for the delivery of the brick.

The jury returned a verdict for defendant. To the decisions of the court as herein before set forth, the plaintiffs excepted.

*H. B. Smith* for plaintiffs.

I. The case finds that the suit was commenced and prosecuted by Charles Jackson the assignee. And the defendant was allowed to show by the admissions of Lewis A. Loomis, one of the plaintiffs of record, made after the assignment, that it was agreed that the goods sued for should go in payment of his own private debt. This we think was erroneous.

1. There is nothing *against his interest* in making such an admission, for if his admission is true, he is not interested for the real plaintiff, or in a recovery by him, whatever contingent interest he may have in the assets of Loomis & Jackson.

2. And a plaintiff *without interest* cannot make an admission, or do any other thing to the injury of his assignee. 1 Greenleaf's Ev. 204. *Seargent* v. *Seargent et al.,* 18 Vt. 371. *Hough* v. *Barton,* 20 Vt. 455. *Frear* v. *Evertson,* 20 Johns. 142. *Phœnix* v. *Assignee of Ingraham,* 5 Johns. 412.

II. But Lewis A. Loomis was an inadmissible witness for the defendant. *Worall* v. *Janes,* 20 E. C. L. 177. *Norden* v. *Williamson,* 1 Taunt. 378. *Johnson* v. *Blackman,* 11 Conn. 342. *Woodruff* v. *Wescott,* 12 Conn. 134. *Abbott* v. *Clark,* 19 Vt. 444. *Miner* v. *Downer,* 20 Vt. 461. *Paine et al.* v. *Tilden et al.,* 20

XXVI        14

Vt. 554. And the declarations of one who may be called as a witness are inadmissible. *Warner & Co.* v. *Mc Gary,* 4 Vt. 507. This is the rule, in all cases where a person is not a party, unless the person is really interested in the suit, or there is an identity of interest in him and the party, or he is an agent. And we insist there is no reason why the same rule should not be adopted where parties without, are witnesses.

III. Parol evidence, of what was said at the time the contract for the brick was executed, was inadmissible. *Read* v. *Wood,* 9 Vt. 285. *Lane* v. *Neale,* 2 Stark. 105. *Mumford* v. *McPherson,* 1 Johns. 413. *Davis & Aubin* v. *Bradley & Co.,* 24 Vt. 55.

IV. Charles L. Jackson was a competent witness for the plaintiff. *Wellings* v. *Consequa,* Pet. C. C. 301. *Steele* v. *Phœnix Ins. Co.,* 3 Bin. Pa. R. 306.

*Stevens & Edson* for defendant.

In this case the defendant contends:

1. That the declarations of the plaintiff were properly admissible in evidence, notwithstanding the assignment of his interest in the demand in question, as it appears from the case that the defendant had no notice of such assignment. *Campbell* v. *Day,* 16 Vt. 558.

2. The assignment of Charles L. Jackson of all his interest in this demand, and the release executed by Charles Jackson to said Charles L. Jackson of all claims on account of this demand, with the agreement to pay him the amount of this demand, whether collected or not, will not aid the plaintiffs, as the witness offered, after the execution of these papers still remained liable for costs, and was therefore interested.

A deposit of money with the clerk will not discharge or release the liability of the witness for costs. Suppose the money to be deposited with the clerk, and the plaintiff recovers, would he not then take the money back as a matter of course? If so, then he has only deposited a sum of money with the clerk, and then is on the stand as a witness to swear it into his own pocket.

If the defendant recovers, could the plaintiffs plead the payment to the clerk, in bar of the judgment or execution?

The opinion of the court was delivered by

ISHAM, J.   We perceive no objections to the admission of the declarations of L. A. Loomis, though they were made after the dissolution of the firm of Loomis & Jackson, and subsequent to the assignment to Charles Jackson.   An admission by one partner, made after the dissolution of the firm, in regard to the business of the firm previously transacted, is admissible as evidence against all the partners, and binding on the firm.   *Gay* v. *Bowen*, 8 Met. 100.   *Bridge* v. *Gay*, 14 Pick. 55.   3 Steph. N. P. 2425.   *Pricherd* v. *Draper*, 1 Russ. & Mil. 191–200.   *Goddard* v. *Ingram*, 3 Adol. & El. N. S. 839.

L. A. Loomis is one of the plaintiffs of record, and as a general rule, his declarations are admissible, not only against himself, but all others, who have such a joint interest as will enable them to join in the suit.   They are not to be treated as nominal parties merely, who have *any interest* in the amount recovered; though that interest may be in the surplus, after the payment of specific debts, for which the assignment is made.   Greenleaf's Ev. § 171. 1 Maule & Selw. 249.

Those declarations are not rendered inadmissible, in consequence of the assignment of this claim by the plaintiffs to Charles Jackson.   No notice of that assignment was ever given to the defendant.   It is regarded as a settled rule, that the title of an assignee to *a chose in action* is not complete, except as against the assignor, until notice of the transfer has been given to the debtor.   Such notice is required to perfect the title of the assignee, and is as necessary, for all purposes, and for the same reason, that a change of possession is required, on the sale of personal property.   *Vanbuskirk* v. *Hartford Ins. Co.*, 14 Conn. 141.   Until notice has been given, the assignee holds the claim subject to such defence or dealing, as may exist or arise between the original parties.   A release, or a receipt executed by them, or either of them, will be good as against the assignee; and any payment to them, or either of them, will be a good discharge of the debt.   *Campbell* v *Day*, 16 Vt. 558.   If either can discharge or receive payment of the debt, it would be inconsistent to say, that they could not acknowledge it, and that such admissions, would not be proper evidence of the fact.   The truth is, that until notice of an assignment has been given, the same evidence, that would be admissible as between the original parties, is admissible as against the assignee; for until such notice,

the rights and interest of the debtor are in no way affected by the assignment. As those declarations would have been admissible if no assignment had been made, they are equally admissible now, as no notice of that transfer was given the defendant.

Neither are those declarations rendered inadmissible, as tending to impeach, alter, or vary the terms of the written agreement in relation to the sale of brick. The object of the testimony was to show a payment of this account, by applying the same on the claim due to the defendant, for the brick delivered under that written agreement. It is not pretended, that the contract for that application was made, when that agreement was executed. It is true, an arrangement of that kind was then proposed, and requested, by all the partners; but the defendant, at that time, refused to enter into such an arrangement, and the matter was ended. The admissions were offered to show a *subsequent contract* for the application of this account in that manner, *made when the goods were delivered*, with the knowledge and consent of all the partners. That a subsequent agreement of that kind will be binding, there is no doubt. 1 Greenleaf's Ev. § 303, 304. 3 Phil. Ev. 1477. *Bailey* v. *Johnson*, 9 Cowen 115–118. In proof of such an arrangement, at that time, the admission of either of the plaintiffs was proper evidence to submit to the jury; as *its* competency is not affected by their dissolution, or their assignment, nor is it objectionable, as contradicting their written contract. The jury have found that such an agreement was made, and this will operate as payment or satisfaction of this account.

Charles L. Jackson was properly rejected as a witness; at least, when offered by the plaintiffs. He was one of the partners, and co-plaintiff on the record. He is directly interested to sustain the suit, as he is liable for costs, in case of their failure to recover. His release of all his interest in the debt, and the offer to deposit money with the clerk to cover the costs will have no effect to restore his competency. An interest of that character, cannot be removed by any act of his own, so as to render him a competent witness, against the consent of the defendant. 3 Phil. Ev. 1550.

The judgment of the County Court is affirmed.