## CURTIS NOBLE *v.* WILLIAM H. SMITH.

An assignment in trust for the benefit of creditors, made in New York between citizens thereof, is held in that state to transfer to the assignee a debt due to the assignor in another state, without notice of the assignment to the debtor, provided the debtor be not prejudiced by want of notice; and hence, such an assignment, when prior in time to an attachment by foreign process of the assigned debt here, will defeat the attachment,

especially when made by a citizen of New York, though the debtor had no notice of the assignment at the time he was served, provided, always, that he be not prejudiced by the want of notice.

THE writ in this case was served by foreign attachment upon the firm of E. M. Aldrich & Co., of Providence, for the purpose of attaching in their hands a balance of account due from them to the defendant for goods sold by them for him on consignment.

From their affidavit and an agreed statement of facts filed in the case, it appeared, that on the day when the writ against Smith was served upon them, to wit: on the 7th day of February, 1860, there was a balance in their hands to his credit, growing out of a consignment, of $91.75 ; but that on or about the 3d day of March, 1860, they received written notice from John Dearborn, dated March 1, 1860, that Smith, who as well as the plaintiff, resided in New York, had made to Dearborn in New York an assignment in trust for the benefit of his creditors, and requesting them to remit to said Dearborn, as assignee, the balance aforesaid.   It further appeared, that on the 1st day of February, 1860, the defendant Smith had executed to said Dearborn such an assignment, which embraced the demand or balance of account in question.   The question was, whether upon these facts the garnishees were charged by the attachment ?

*Browne & Van Slyck*, for the plaintiff.

*Miner*, for the defendant, cited *Bohlen* v. *Cleaveland et al.* 5 Mason, 174; *Beckwith* v. *Union Bank*, 5 Selden, 211.

BRAYTON, J.  The question to be determined in this case is, whether the service of the writ upon the garnishees, E. M. Aldrich & Co., operated to attach the debt originally due from them to Smith, the defendant, or, whether the assignment executed by Smith to Dearborn on the 1st day of February, 1860, operated to transfer the debt to Dearborn before, and without notice to the debtors, Aldrich & Co ?   Were Aldrich & Co. at the time of the service of this writ, in contemplation of law, the debtors of Smith, or did they, upon the execution of that assignment, become the debtors of Dearborn the assignee ? If the first, the attachment must be held good ; if the last, then the garnishees must be discharged, as having nothing in their hands belonging to the defendant.

In some of the states this attachment would be held good, on the ground that in order to perfect the transfer by the assignment, it is necessary to give notice to the debtor, or otherwise that the incumbrancer or attaching creditor should have notice of the assignment. This is the English rule, as it is that of Connecticut and of Vermont. *Van Buskirk* v. *Hartford Ins. Cor.* 14 Conn. 141; *Loomis,* d. *Jackson* v. *Loomis,* 26 Verm. 198; 18 Ib. 42; 25 Ib. 242; *Stocks* v. *Dobson,* 15 Eng. L. & Eq. 314; S. C. 19 E. L. & Eq. 96; *Meux* v. *Bell,* 1 Hare, 73; *Foster* v. *Blackstone,* 1 My. & K. 297; 9 Bligh. 332. And it is held that though no delivery can be given of the subject of the assignment, it is the duty of the assignee to perfect his transfer as against creditors and purchasers, as far as is in his power, and shall there do what the courts hold to be equivalent, viz: give notice to the debtor of his right under the assignment; and this notice in fact to the debtor is held to be constructive notice to both creditors and purchasers. This, however, is not the universal rule; but in some states it is held, that the transfer is complete upon the execution of the assignment, and that the subject of the assignment passes immediately, and without notice; and because, as the courts say, no delivery can be made, nothing more is necessary to complete the title. This seems to be the rule in Massachusetts, and in some other of the states. *Blake* v. *Williams, & Marshall, trustee,* 6 Pick. 286. It is held that notice is only necessary to protect the debtor, lest he should pay over to the original creditor without notice. *Warren* v. *Copelin,* 4 Metc. 394. It seems to be sufficient, that the debtor has notice at any time before he pays over, or by his dealing with the creditor becomes released in whole or in part; and in case of attachment of the debt in his hands, that he has such notice of the assignment that he can disclose it in his answer in the suit, and avoid being charged. *Warren* v. *Copelin,* 4 Metc. 394.

So, also, is the rule in New York, as to the necessity of notice to the debtor in order to perfect the transfer. *Beckwith* v. *Union Bank,* 5 Selden, 211. In that case the court held that no notice was necessary to be given to the bank, in order to perfect the transfer of the amount deposited to the credit of the

assignor, but that without notice, the bank might have so dealt with the assignor as to affect the rights of the assignee. If by the laches of the assignee in leaving the debtor in ignorance of his claim, the debtor so deals with the original creditor as if he were still his creditor, and thereby becomes prejudiced, it shall be the loss of the assignee, and not of the debtor. The notice, however, is only necessary for the protection of the debtor himself. See also *Holmes & others* v. *Remsen & others,* 4 Johns. Ch. 420.

The statement of facts shows that the assignor, at the time of the assignment, was resident in the State of New York, as was the assignee and the plaintiff in the suit. The trust of the assignment was to be executed in New York.

The law of the owner's domicil must determine the validity of the transfer or alienation, unless there be some positive or customary law to the contrary where the property is to be found. *Black & Chapman* v. *Zacharie & Co.* 3 How. 483; *Warren* v. *Copelin,* 4 Metc. 494; Story's Confl. of Laws, §§ 383–4; 4 Johns. Ch. 420. It does not appear that the garnishee in this case has, for want of notice, become in any way prejudiced, so that the assignment should not be allowed to operate and to transfer the debt in his hands to the assignee. The garnishees must be discharged.