JOHN D. NORTHAM *vs.* NATHAN D. CARTRIGHT & COMPANY.

An affidavit of a garnishee that, at the time of the attachment, he had not, according to the best of his knowledge and belief, either directly or indirectly, any estate of the defendants in his hands, and that a sum of money received by him on execution in favor of the defendants had been transferred by them to a third party previous to the attachment, held sufficient to discharge him, the plaintiff not having filed any interrogatories requiring further proof of such transfer. *Held*, reaffirming *Noble* v. *Smith*, 6 R. I. 446, that an assignment without this state of a debt *bonâ fidé*, in payment of a liability, when made prior to an attachment by foreign process of the assigned debt here, will defeat the attachment, although the garnishee had no notice of the assignment previous to the service of the attachment, *provided* he have notice thereof in time to communicate it seasonably to the court before judgment is obtained.

DURFEE, J. The writ in this case was served in foreign attachment, June 28, 1862, on H. Y. Cranston & Son. At the term following the service, H. Y. Cranston made affidavit " that at the time he was served with a copy of the writ in said case, he had in his hands, as one of said firm of H. Y. Cranston & Son, eight hundred and twenty-one dollars and seventy-seven cents, and no more, which he received on the execution in the case *N. D. Cartright & Co.* v. *John D. Northam*. That said claim, as appears by the annexed affidavit, was in August, 1861, assigned by said N. D. Cartright & Co. to Margaretta L. Cartright, who now claims the amount of the aforesaid debt." Annexed to this affidavit is what purports to be the affidavit or sworn statement of Joseph Baker, " that he was a member of the late firm of N. D. Cartright & Co.; that the firm was composed of N. D. Cartright and Joseph Baker; that on or about the 29th January, A. D. 1861, Margaretta L. Cartright being, as I have been informed and believed, possessed in her own name and right of a house and lot of ground, situated in the borough of Mauch Chunk, Carbon County and State of Pennsylvania, sold the same to A. Pardee for five thousand dollars, and loaned the said amount and sum of money to the firm of N. D. Cartright & Co., and in order to secure the said Margaretta L. Cartright, they, the said firm of N. D. Cartright & Co., through William J. Haslan, transferred and assigned at their office in Jersey

City, New Jersey, on or about the first day of August, 1861, on their books, to the said Margaretta L. Cartright, among other accounts, the claim which N. D. Cartright and Joseph Baker held against John D. Northam, of Newport, Rhode Island, for $809.98, or thereabouts, in part payment of what they owed on the above mentioned loan to the said Margaretta L. Cartright."

At a subsequent term the said H. Y. Cranston made further affidavit that " when he was served with a copy of the writ in said case he had not, according to the best of his knowledge and belief, either directly or indirectly in his hands any estate of the said defendants, the said N. D. Cartright & Co."

Subsequently the plaintiff filed written interrogatories to the said H. Y. Cranston, but the said H. Y. Cranston before answering them, deceased. The same interrogatories were afterwards propounded to William H. Cranston, the other member of the firm of H. Y. Cranston & Son, but elicited from him in response nothing which we deem it material to state, except that the affiant could not say whether information of the claim of the said Margaretta L. Cartright was received before or after the service of the writ, but that from the letters and papers in his hands he opined that his father was first informed of Margaretta's claim by the defendants, and after the commencement of this suit, the affiant professing to have little or no information of the matter except what he derived from his father (H. Y. Cranston), or from the letters and papers in his hands.

Motion is made for the discharge of the garnishee, which is resisted by the plaintiff, upon the ground that the affidavits do not show that the money received by the firm of H. Y. Cranston & Co., upon this execution in favor of the defendants, is not, and was not when the writ was served, attachable as the personal estate of the defendants.

We think, however, that the transfer declared by Joseph Baker to have been made on the books of the defendants, if made as declared by him, was good between the parties as an equitable assignment of the debt due from Northam to the defendants, and we see no sufficient reason for supposing that it was not so made. If the plaintiff had wished for fuller proof of the fact, or the *bona fides* of the transfer, he should have called more specifically for such fuller proof in his interrogatories to the garnishee. In

the absence of such call (the garnishee having deposed to his belief that he had not at the time of the attachment any property of the defendants in his hands), we think we should accept the affidavit of the garnishee as sufficient.

But it appears probable, from the affidavit, that though the transfer was made before the service of the writ, notice thereof did not come to the garnishees until afterwards, and on this account it may be claimed that the attachment should have precedence of the transfer or assignment. Upon this point there is some conflict of decision. There is no question but that as between the assignor and the assignee (the assignment being for value), the equitable interest in the debt passes to the assignee by the assignment; but on the one side it has been held, that, notice to. the debtor being necessary to perfect the assignment, the creditor, being himself without notice, by attachment before notice to the debtor, acquires a preference over the assignee; and on the other side it has been held, that the creditor by attachment before the notice does not acquire such preference, if notice be given to the garnishee and be by him seasonably communicated to the court before judgment. The former view is held in Connecticut: *Judah* v. *Judd*, 4 Day, 534; *Van Buskirk* v. *Hartford Fire Insurance Company*, 14 Conn. 141; in Vermont: *Ward* v. *Morrison*, 25 Vt. 593; and in Tennessee: *Clodfelter* v. *Cox*, 1 Sneed, 330; and the latter view is held in Massachusetts: *Dix* v. *Cobb*, 4 Mass. 508; Pennsylvania: *Pellman* v. *Hart*, 1 Pa. State, 263; Missouri: *Smith* v. *Smitt*, 24 Misso. 260; Maine: *Littlefield* v. *Smith*, 17 Maine, 327; and Iowa: *Walters* v. *Washington Insurance Company*, 1 Iowa, 404.

In *Noble* v. *Smith*, 6 R. I. 446, where the writ was served in foreign attachment after an assignment for the benefit of creditors made by the defendant, a citizen of New York, to another citizen of New York, and covering the balance of account sought to be attached, the court held the attachment invalid, though notice of the assignment did not reach the garnishees until after the service, no notice to them being necessary by the law of New York to perfect the transfer.

We think the cases which hold that the assignment is not defeated by a subsequent attachment before notice to the garnishee, provided the garnishee has notice in season to avail himself of it, furnish the better rule.

It may be remarked that the transfer to Margaretta L. Cart-right was made while the claim was still due from Northam, and that the attachment was made after the payment to the gar-nishees as attorneys of Cartright & Co. We think, however, that this could not affect the preference acquired by the said Margaretta under the assignment, so long as the garnishees had notice thereof in season to avail themselves of it. After such notice it would be their duty to hold the amount collected, sub-ject to any lien or claim which they might have thereon, for the said Margaretta, and not for the defendants.

We therefore dismiss the action for want of any sufficient ser-vice of the writ.                                        *Action dismissed.*