# ANTHONY W. WOODWARD ET AL.

## v.

## JOSIAH D. BROOKS ET AL.

1. VOLUNTARY ASSIGNMENT.—A voluntary assignment valid by the laws of the State in which it is made is valid everywhere.

2. ASSIGNMENT—NOTICE TO DEBTORS BEFORE JUDGMENT BY ATTACHMENT CREDITORS.—In the absence of any adjudication by the Supreme Court of this State, this court is inclined to adopt the rule that an equitable assignment will secure the property against attachment for the debt of the

assignor though no notice be given prior to the attachment, to the person holding the property, if it be given in time to enable him to bring it to the attention of the court before judgment is rendered against him as garnishee.

3. SAME—CREDITORS STAND IN ASSIGNOR'S SHOES.—Attachment creditors with knowledge of the assignment stand in no better position than the assignor; the neglect to give notice to the debtors (garnishees) has not misled them, and plaintiff's conduct in attaching a debt under such circumstances is not in good faith and presents no claims or equities which can destroy the effect of the assignment as it existed between the parties.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.   Opinion filed January 6, 1886.

Appellants sued out a writ of attachment against appellee, Brooks, October 9, 1884, and on the same day the writ was served on Benjamin R. De Young and John Farnon, as garnishees.   The garnishees answered that they held in their hands $1,258.88, balance of proceeds of sale of certain lands belonging to Brooks and the heirs of one Miller, previously made by them as the agent for the owners.   That September 4, 1884, at Philadelphia, Pa., Brooks made a general voluntary assignment of his property to Edward S. Harlan, for the benefit of his creditors; that they believe that one half of the money in their hands belongs to said Harlan, and the other half to heirs of said Miller.

Brooks was defaulted.

The plaintiffs filed a replication to the answer of the garnishees, denying the validity of the assignment to Harlan, and claiming one half of the fund in the hands of the garnishees.

Harlan interpleaded, setting up the assignment of Brooks to him, alleges that the same was duly accepted by him, and vested in him all the property of Brooks, including one half the money in the hands of the garnishees, etc.   To this plea plaintiffs replied denying that the assignment was valid, or that plaintiffs had notice of the assignment as alleged in Harlan's plea.   The right of the Miller heirs to one half the funds is not contested.

The court, to whom the case was submitted without a jury,

found the issues against the plaintiffs and for the interpleaders, and the plaintiffs appealed to this court.

Messrs. SMITH & BURGETT, for appellants; as to notice, cited Loomis v. Loomis, 26 Vt. 199, 203; Ward v. Morrison, 25 Vt. 593; Spain v. Hamilton, 1 Wall. 604, 623; Woodbridge v. Perkins, 3 Day (Conn.) 364; Judah v. Fudd, 5 Day, 534, 536–8; Clodfelter v. Cox, 1 Sneed (Tenn.) 330; Lambreth v. Clark, 10 Heisk. 32; Flickey v. Loney, 4 Baxt. 169; Miller v. O'Bannon, 4 Lea, 403; Penniman v. Smith, 5 Lea, 130, 134–5; Gardner v. Smith, 5 Heisk. 256, 258; Dews v. Olwill, 3 Baxt. 432, 437–8; Hobson v. Stevenson, 1 Tenn. Ch. 203; Martin v. Potter, 34 Vt. 87; Weed v. Boutelle, 56 Vt. 571, 577; Warren v. Coplin, 4 Metc. 594; Lovely v. Caldwell, 4 Ala. 684, 687; Moore v. Gravelot, 3 Bradwell, 442; Ward v. Morrison, 25 Vt. 593; Rice v. Courtis, 32 Vt. 460, 469; Martin v. Potter, 34 Vt. 87; Flickey v. Loney, 4 Baxt. (Tenn.) 169; Meeker v. Wilson, 1 Gall. C. C. 419; Ramsey v. Stevenson, 5 Mart. O. S. (La.) 23, 75–8; Irwin v. Keen, 3 Whart. (Pa.) 347, 355.

Messrs. HUTCHINSON & LUFF, for appellees; that the assignment, being valid by the laws of Pennsylvania, was sufficient to vest the debt in the assignee, cited Bentley v. Whittemore, 19 N. J. Eq., 462; Hoag v. Hunt, 21 N. H. 106; Smith v. Brown, 43 N. H. 44; Atwood v. Protection Ins. Co., 14 Conn. 555; Van Buskirk v. Hartford Fire Ins. Co., 14 Conn. 583; Clark v. Conn. Peat Co., 35 Conn. 303; Speed v. May, 17 Pa. St. 91; Moore v. Bonnell, 31 N. J. Law, 90; Einer v. Best, 32 Mo. 240; Whipple v. Thayer, 16 Pick. 25; Daniels v. Willard, 16 Pick. 36; Burlock v. Taylor, 16 Pick. 335.

Appellants having notice of the assignment, it was not necessary, in order to vest the debt in the assignee, to notify the debtor. Notice *pendente lite* is sufficient: Story on Conflict of Laws, §§ 396, 7, 8; Wood v. Partridge, 11 Mass. 488; Foster v. Sinkler, 4 Mass. 450; Dix v. Cobb, 4 Mass. 508; Muir v. Schenk, 3 Hill, 228; Van Buskirk v. Hartford Fire Ins. Co., 14 Conn. 583; Bishop v. Holcomb, 10 Conn. 444.

Woodward v. Brooks.

WILSON, J.  Various objections are urged to the validity of the assignment upon its face, none of which are deemed tenable. These objections are, that by the statutes of Pennsylvania the wages of mechanics, etc., shall be preferred ; that Brooks & Jenks are referred to as " said grantors ;" that the assignment simply says the assignors are indebted unto divers persons in different sums of money, without saying they are unable to pay their debts in full, or are insolvent ; that no schedules were filed with the attachment, etc.  It is enough to say that the assignment is in substantial conformity with the laws of Pennsylvania where it was made, and of which State all the parties were citizens ; and the rule is that a voluntary assignment valid by the laws of the State in which it is made, is valid everywhere.  It is not claimed that there was any actual fraud in the assignment, and the proof shows that it was made in good faith for the benefit of Brooks' creditors.

The more serious question arises upon the objection of alleged want of notice to the garnishees of the assignment at or before the time of the service of process upon them, it being contended that the title of an assignee of a *chose in action*, or simple contract debt, is not complete as against attaching creditors or *bona fide* purchasers, until notice of the transfer has been given to the debtor.

It must be confessed that there is a want of harmony, and some confusion, in the decisions on this subject, and it is not easy to deduce from them any rule of very general application.  Thus in Loomis & Jackson v. Loomis, 26 Vt. 198, it is said, " It is regarded as a settled rule that the title of an assignee to a chose in action is not complete, except as against the assignor, until notice of the transfer has been given to the debtor.  Such notice is required to perfect the title of the assignee, and is necessary for all purposes, and for the same reason that a change of possession is required on the sale of personal property.  Until notice has been given, the assignee holds the claim subject to such defense or dealing as may exist or arise between the original parties," citing numerous authorities.

On the other hand in Drake on Attachment, 5th Ed., Sec·

527, it is said, " An equitable assignment will secure the property against attachment for the debt of the assignor, though no notice be given prior to the attachment, to the person holding the property, if it be given in time to enable him to bring it to the attention of the court before judgment is rendered against him as garnishee," citing many cases from various States.

In the absence of any adjudication on the subject by the Supreme Court of this State, and without feeling called upon to review the conflicting authorities bearing upon the question, we are inclined to adopt the rule as stated in Drake on Attachment, *supra.*

But there is another aspect of the case which, in any event, is, we think, fatal to the appellant's claim. It is admitted that the plaintiffs had actual notice of the assignment to Harlan at and before the suing out of their writ. Having this knowledge they were not misled by the alleged want of notice to the garnishee of the assignment, and hence the reason of the rule requiring a change of possession of personal property, or of notice to the debtor of the assignment of a chose in action, does not apply. Brooks having assigned the debt to Harlan could not collect it, and the plaintiffs with knowledge of its assignment for the benefit of Brooks' creditors, stand in no better position than Brooks himself. A case entirely in point is Bishop v. Holcomb, 10 Conn. 444, where the court said, " The plaintiffs' knowledge of the assignment and of Buckingham's claim upon the note, destroys their pretensions as *bona fide* claimants ; they come in a *mala fide* character to defeat rights which they knew existed in another. The neglect to give notice to the debtor has not misled them ; what the debtor did not know, they knew ; and their conduct in attaching this debt has not been in good faith, and presents no claims or equities which can destroy the effect of the assignment as it existed between the parties." See also Dix et al. v. Cobb, 4 Mass. 507. These views seem to us entirely sound, and are conclusive of the present case.

The judgment of the court below is affirmed.