DAVID McCULLY, Appellant, *v.* S. O. SWACKHAMER, Respondent.

Disputable Presumption—Sale of Personal Property.—The retention of personal property by the vendor after a sale thereof, creates a presumption of fraud, as against his creditors; but such presumption is a disputable one, and may be rebutted by testimony showing that the sale was made in good faith. The question as to whether the sale was made in good faith should be submitted to the jury.

Appeal from Union County.

The facts are stated in the opinion of the court.

*J. H. Slater, Tilman Ford and John Kelsay,* for appellant.

*Sterns & Lichtenthaler,* for respondent.

By the Court, Prim, C. J.:

This is an action commenced by appellant against respondent to recover the possession of two horses, one set of harness and a wagon. The complaint contains the usual allegations of fact in such actions, and are sufficient to constitute a cause of action. The answer undertakes to justify the taking and detention of the property in question by alleging that it was levied upon and sold as the property of John W. McCully, by virtue of an execution duly issued against him and placed in the hands of respondent as sheriff of Union county. The allegations of the answer were put in issue by the replication.

A jury trial was had, and respondent recovered judgment from the court below, from which appellant has appealed to this court. The evidence produced at the trial tends to show that on February 7, 1877 (which was prior to the levy), the horses, harness and wagon were the property of John W. McCully. That on that day it was in his possession, and that he executed a bill of sale of said property to appellant, who is his father, at the same time turning the property over to John Creighton, the son-in-law of appellant. That on the next day the property was taken back into the possession of said John W. McCully under an agreement with said Creighton, the authorized agent of

appellant, to pay him one dollar per day for every day he should use the same. The property continued in the possession of said John W. McCully until it was taken by respondent on the levy. The principal issue made by the pleadings and evidence is whether this sale was made in good faith for a valuable consideration, or whether a mere sham to defraud creditors, and on this issue the evidence was conflicting.

The principal error complained of is as to the instructions of the court upon this point. The court below instructed the jury as follows: 1. If the jury believe from the evidence that there was any agreement entered into at the time of the execution of the bill of sale whereby the said J. W. McCully was to receive back in his possession said property described in the complaint, and did so receive it back into his possession pursuant to such agreement, then the sale was such that the plaintiff cannot recover in this action; 2. If there was a condition in the sale between David and J. W. McCully, whereby J. W. McCully was to receive any benefit, either by the use of the property or by the right of redemption thereof, then the jury should find a verdict for defendant; 3. In order to take a sale out of the statute of frauds it must be absolute, unqualified and unconditional. There must be no condition which would give vendor the right to take the property back upon any condition whatever, and if you so find you will find a verdict for defendant, but this condition must appear to be acquiesced in by both parties.

These instructions, we think, were erroneous, for the reason that they exclude from the consideration of the jury the questions of fact as to whether the sale was made in good faith or merely to defraud creditors. There was some evidence tending to rebut the presumption of fraud, and that evidence should have been submitted to the consideration of the jury.

Under our code " every sale of personal property capable of immediate delivery * * * unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession, creates a

presumption of fraud as against creditors of the seller * * * disputable only by making it appear that the same was made in good faith." (Civil Code, 262, sec. 766, sub. 40.) Under this provision of the code, the retention of the possession of the property in question by the vendor after sale, created a presumption of fraud as against his creditors; not conclusive, however, but a presumption that might be rebutted "by making it appear that it was made in good faith."

This case, we think, comes clearly within the rule laid down by this court in the case of *Moore* v. *Floyd,* which we re-affirm. (4 Or. 101.) There are some other assignments of error contained in the notice of appeal in relation to the rulings of the court upon the admission of evidence, but we do not regard them of sufficient importance to merit the attention of the court. As the instructions complained of by the appellant may have operated to prejudice a substantial right of appellant, we think the judgment of the court below should be reversed.

It is therefore ordered that the judgment be reversed and the case remanded to the court below for a new trial.

Judgment reversed.