[Filed December 19, 1887.]

ROBERT PHIPPS, RESPONDENT, *v.* JOHN RIELEY, APPELLANT.

GARNISHEE — DUTY OF, IN ANSWERING. — If a garnishee knew that the debt sought to be garnished had been assigned to another, and neglected to plead such assignment in his answer, or to defend himself against the claim set up against him in the garnishment proceedings, neither the fact of such garnishment nor the judgment rendered against him under the proceeding will constitute a defense to a suit brought against him by the assignee, to whom the debt had been assigned prior to said attempted garnishment.

NOTICE OF ASSIGNMENT — WHEN EFFECTUAL. — Notice of assignment at any time before the filing of his answer, or even before judgment, will impose the duty on the garnishee of setting up such assignment.

GARNISHEE — HIS DUTIES. — The garnishee is entirely indifferent between the parties, and he can properly do nothing to aid either party to the litigation; but he must act for his own · protection, and plead that the debt attempted to be garnished has been assigned whenever he has notice of it.

APPEAL from Douglas County.    Affirmed.

*J. W. Hamilton,* for Appellant.

*W. R. Willis,* for Respondent.

STRAHAN, J. — This is a suit in equity to foreclose a mortgage on certain real property in Douglas County.  The amount of the note secured by said mortgage is $1,450, due October 1, 1885.    The note was originally payable to one Harrison Allen; but plaintiff alleges that on the twenty-fourth day of October, 1885, he purchased the same for a valuable consideration, and that said Allen indorsed and delivered said note and mortgage to him.    The answer denies the assignment, and then alleges that said sum of money mentioned in said note is a part of the purchase price of said mortgaged premises; and that Allen had conveyed said premises to the defendant by deed of general

warranty; that Allen had, on the seventeenth day of November, 1884, given another mortgage on the same premises to secure the payment of a note to E. G. Young & Co., for $460.77, and agreed with defendant to pay off said note before the note now sued upon should become due, and that if he failed to pay off said note to Young & Co., then said note should constitute a set-off to, and be deducted out of the note and mortgage sued on; that said Allen failed to pay said note to Young & Co., and that said note and mortgage belongs to one James Rieley, who has commenced suit thereon with $75 as attorney's fees. Another allegation in the answer states that Allen agreed to leave wheat on the premises to the amount and value of $32.50, which he failed to do. Another separate defense alleged is, that on the twenty-sixth day of October, 1885, W. T. Kerley recovered a judgment against H. Allen for $414.59, and issued an execution thereon, and on the twenty-fourth day of November, 1885, the defendant was garnished for all he was owing said H. Allen; that on the twenty-first day of November the defendant made answer in writing to the sheriff, stating in effect the execution of the note now sued on; that this defendant had a defense thereto to the amount and for the items already stated, and that he had no knowledge whether said Allen had transferred said note or not; that said Kerley had commenced an action to recover the amount claimed in said execution, and that said action was still pending and undetermined.

This defense was on motion of the plaintiff stricken out. Another defense stated that this suit is prosecuted for the use and benefit of Harrison Allen, and with the intent to cheat, overreach, and defraud the defendant out of the amount of the Young & Co. note, the value of said wheat, and any and all sums of money which he may be compelled to pay on account of said garnishee process. The reply denied all new matter in the answer, and the cause was referred, and the evidence all taken in writing. Upon a trial the court found the issues for the plaintiff, and rendered a decree for the sum of $1,036.12, with costs, from which decree this appeal is taken.

1. On the part of the plaintiff the evidence in this case

satisfies us that on the twenty-second day of October, 1885, Harrison Allen, for a valuable consideration, sold and assigned the note and mortgage sued on to the plaintiff. The execution of said note and mortgage being admitted, the plaintiff is entitled to a decree of foreclosure, unless his right is defeated by some of the matters insisted upon by the defendant.

2. The striking out of the portions of the defendant's answer setting up his garnishment at the suit of W. T. Kerley is the first question to which our attention will be directed. Counsel for appellant claim that the facts pleaded in this part of the answer constituted a defense, and that such matter was not sham, frivolous, or irrelevant.

*Duty and liability of garnishee.* The court did not err in striking out of the answer all that part of it which related to the garnishment of the defendant. At the time the defendant filed his answer, he knew that the note sued on had been assigned to the plaintiff, and that such assignment was alleged to have been made prior to the garnishment. In such case it was his duty to set it up in his answer, and if he fails to do so, or to fully defend himself against the claims set up by the garnishment, neither the fact of garnishment, nor a judgment rendered against him under the proceeding, will be any defense to a suit brought by the holder of the note, to whom it had been assigned prior to such garnishment. In *Colvin* v. *Rich*, 3 Port. 175, it was held that if "the maker of a note or bond, with knowledge before he made his answer upon garnishment that it had been transferred, acknowledge in his answer that he owed the debt to the payee or obligee, he would be as clearly and justly liable to pay the whole amount to the assignee, as he would after a voluntary payment to the payee or obligee himself. The object of an attachment and garnishment against a debtor of the defendant in attachment is to obtain a transfer by a judgment of the right of the defendant to what his debtor owes him; and such would be the effect of a judgment in such a case; but if the right had been transferred before the attachment issued, there would be nothing for the plaintiff in the attachment to acquire — certainly nothing which he ought to acquire; and if the garnishee

had notice of the transfer before he makes his answer, the demand by the attachment and garnishment of the debt no more impairs his obligation to pay it to the assignee than an application made by the payee, for payment, to the debtor, with such notice, would."

So in *Foster* v. *White*, 9 Port. 221, the same principle is announced: "It was not only his privilege, but it was a duty imperative on him, at any time before final judgment, to make known that he had received notice of the transfer of the notes." So, also, in *Cross* v. *Haldeman*, 15 Ark. 200, it was held that if a garnishee was notified at any time before final judgment that his note had been assigned before the service of the writ upon him, he is bound to apply for leave to interpose the defense. And in discussing the liability of a garnishee, Waples on Attachment (p. 210), says: "He is not liable in garnishment, though he may have had no notice of the assignment up to the time of the summons. Subsequent notice, received before filing his answer, will enable him to set up the fact of transfer, and escape judgment against him as garnishee." And 2 Wade on Attachment, section 472, is to the same effect. And it is expressly held in *Hill* v. *Blatchford*, 2 Ind. 184, that the commencement of a suit by the assignee of the debt sought to be garnished was notice to the defendant of the assignment, and that such notice was in time to have enabled the defendant to defeat the attachment. This view renders it unnecessary to consider or decide the difference as to the effect of the indorsement of an overdue negotiable promissory note and the assignment of an ordinary *chose in action*, where the original maker or debtor is sought to be subjected to the process of garnishment. Payment to an indorsee of such paper, after he has parted with his interest by indorsement, without notice to the maker of the fact that the paper was held by another, would be invalid, and constitute no defense against the true holder (*Adair* v. *Lenox*, decided at this term); and it is not perceived how an attaching creditor could by his attachment acquire any other or greater interest in the debt attached than the defendant in the attachment had therein at the time of the attachment or garnishment. (*Dix* v. *Cobb*, 4

Mass. 508; *Gruntree* v. *Rosenstock*, 61 N. Y. 583; *Cooper* v. *McClun*, 16 Ill. 435; *Barnard* v. *Hobbe*, 54 N. Y. 516.)

It was clearly the duty of the garnishee, as soon as he had notice that the note had been assigned, to set it up by way of defense. The law regards him as entirely indifferent between the parties—some of the authorities call him a stakeholder—and he can properly do nothing to aid either party to the litigation; but for his own protection, whenever he has information or reason to believe that the debt owed by him, and which is evidenced by an overdue negotiable promissory note, has passed to another by indorsement or delivery, where the note is payable to bearer, he must set up the fact in his answer. The plaintiff in the garnishee proceedings can then controvert it, or allege any new matter by way of avoidance if any such facts exist, and thus the facts upon which the right depends be subjected to a proper trial. In such case it is neither safe nor proper for the garnishee to set up that the indorsement is colorable, collusive, or even fraudulent. He has no interest in those questions. His sole interest is to ascertain who is the legal holder of his paper, to whom he may lawfully make payment.

.3. Something was said by counsel as to the proper practice in case a defendant is sued by one claiming to be an assignee, and he should be garnished for the same debt, and both proceedings be pending at the same time. There are some authorities which hold that in such case the pendency of the garnishee proceedings will abate the action on suit by the assignee; but these are evidently not the best considered cases. When both proceedings are pending in the same court at the same time, the better practice is for the court, by order, to stay one of them until the other shall have been finally heard and determined. These conclusions are reached with less reluctance in this particular case, for the reason that the defendant testified in substance that Kerley had agreed with him that he should lose nothing by the proceeding against him.

Let the decree of the court below be affirmed.

LORD, C. J., was not present at the trial of the action, and took no part in the decision.