[Filed November 24, 1891.]

## S. MARKS ET AL. *v.* S. C. MILLER.

CHATTEL MORTGAGES—SUBSEQUENT PURCHASERS.—In most of the states it is provided that chattel mortgages shall be filed in a designated office or recorded, or else they shall not be valid as against creditors of the mortgagor or subsequent purchasers or incumbrancers with notice, unless the property mortgaged is delivered to and retained by the mortgagees.

FRAUD—DISPUTABLE PRESUMPTION—GOOD FAITH.—Under our statutes when a chattel mortgage has not been filed, a presumption of fraud is created from the retention of possession of the mortgaged property by the mortgagor, which may be rebutted by showing that it was made in good faith and for a valuable consideration.

Douglas county: M. L. PIPES, Judge.

Plaintiffs appeal. Reversed.

*W. R. Willis,* for Appellant.

The plaintiffs, mortgagees, are entitled to the possession of this property, and to recover it in this form of action. (Hill's Code, § 3837; *J. I. Case Machine Co.* v. *Campbell,* 14 Or. 460.)

Wells, at the time this action was commenced, had no interest in this property subject to levy or sale by his creditors. (*Leadbetter* v. *Leadbetter,* 125 N. Y. 290; 21 Am. St. Rep. 738; *Manchester* v. *Tibbetts,* 121 N. Y. 219; 18 Am. St. Rep. 816; *Hall* v. *Sampson,* 35 N. Y. 274; 91 Am. Dec. 56; *Galen* v. *Brown,* 22 N. Y. 37.)

A failure or neglect to file a chattel mortgage with the county clerk does not invalidate it, but simply leaves the presumption of fraud. This question of fraudulent intent is a question of fact, and not of law. (Code, §§ 3054, 3062; *Carnahan* v. *Schwab,* 127 Ind. 507; *Fitzgerald* v. *Meyer,* 25 Neb. 77; *Seidenbach* v. *Riley,* 111 N. Y. 560.)

*J. W. Hamilton,* for Respondent.

A chattel mortgage is void as against execution creditors, who levy after the making of the mortgage, but prior to its recording. (3 Am. & Eng. Enc. Law, 192; Herman Chat. Mort. § 75; Jones Chat. Mort. § 263; *Nicklin* v. *Betts,*

*Spring Co.* 11 Or. 410; 50 Am. Rep. 477; *Cooper* v. *Brock*, 41 Mich. 491; *Hurd* v. *Brown*, 37 Mich. 484; *Pittock* v. *Jordan*, 19 Or. 8.)

When a question is objected to, and the objection sustained, in taking an exception there should be a statement of what it was proposed to prove, which must appear to be something material and the rejection of which as evidence would be prejudicial to the party excepting. (*Kelley* v. *Highfield*, 15 Or. 294.)

Notice by a debtor to a sheriff when he was proceeding to attach or to levy upon property, is not notice to the. creditor for whom the levy is made. (Jones Chat. Mort. § 311; Freeman on Ex. § 343; *Boehreinger* v. *Creighton*, 10 Or. 46; *Stowe* v. *Meserve*, 13 N. H. 46; *McCarthy* v. *Grace*, 23 Minn. 182.)

LORD, J.—This is an action to recover personal property. The complaint alleges in substance that plaintiffs are partners in the firm of S. Marks & Co.; that at the times mentioned, the plaintiffs were and still are the owners of and entitled to the immediate possession of the personal property mentioned in the complaint, of the aggregate value of $678; that said property was in the possession of W. R. Wells, with whom the plaintiffs had left the same for care and safe keeping; that on the tenth day of February, 1891, defendant wrongfully took said goods from the possession of said Wells and wrongfully detained the same, to plaintiffs' damage in the sum of $100; that plaintiffs demanded of the defendant possession of the property; that before this action the time for which Wells was to keep said goods had expired, and demands the possession of said chattels or the sum of $678, their value, and $100 damages.

After denying the allegations of the complaint, for a further and separate answer the defendant in substance alleges that he was sheriff of Douglas county; that Caro Brothers recovered a judgment against W. R. Wells for $677; that execution was issued thereon and delivered to the defendant, and that by his deputy he duly levied upon

and took possession of the property mentioned, etc.; that it was the sole property of said Wells and in his possession; and demands costs, etc.

The reply denied the allegations of the answer.

The bill of exceptions shows that the plaintiff, to maintain the issues on his part, called as a witness A. Marks, who testified that he was a member of the firm of S. Marks & Co., plaintiffs; that on the ninth day of February, 1891, Wm. R. Wells owed S. Marks & Co. $2,000, and on that day gave S. Marks & Co. a mortgage on the property mentioned in the complaint to secure the payment of the same. The chattel mortgage is in the usual form, and provides that if default be made in the payment of the amounts due, or should said Wells injure, sell or dispose of the same, or remove any part out of the said county without the written consent of said Marks & Co., etc., the plaintiffs shall take possession of the same wherever such property may be found and sell the same at public or private sale as they may see fit. The plaintiffs then offered in evidence the said mortgage, which the defendant objected to as immaterial and irrelevant, and the court sustained the same.

The plaintiffs then called as a witness Wm. R. Wells, who testified that he gave said mortgage to the plaintiffs and was present when the sheriff levied upon the property mentioned in the complaint; and he was then asked to state whether he did or did not tell the sheriff before he levied upon this property that the property did not belong to him, but that it belonged to S. Marks & Co., which question being objected to as irrelevant and immaterial, the court sustained the objection. The plaintiffs then rested, when the defendant moved for a nonsuit for want of evidence to support the action, which the court allowed and dismissed the jury.

In regard to the chattel mortgage offered in evidence, the record discloses that it was executed on the ninth day of February, 1891, but that it was not filed until the twelfth

day of February, 1891, and that the writ of execution issued upon the judgment in favor of Caro Brothers was executed by the defendant on the tenth day of February, 1891, by taking the said property into his possession.

It is thus seen that this is a controversy between the plaintiffs, who claim under a chattel mortgage which had not been filed, and the defendant who had levied upon the property in behalf of execution creditors. The contention for the plaintiffs is, that they are entitled to the possession of the property mortgaged, and to recover it in this form of action; while the defendant claims that he has a right to the possession of the property by virtue of the levy of the execution against the mortgagor Wells. The ground of their difference is this: The plaintiffs contend that the possession of mortgaged chattels by the mortgagor creates only a disputable presumption of fraud, which presumption, however, does not exist when the mortgage is duly filed; but that the failure or neglect to file it simply creates a presumption of fraud and does not invalidate it. On the other hand, the defendant contends that the chattel mortgage is valid without any filing or change of possession, only as between the parties to it, and that it is void as against subsequent purchasers or execution creditors who levy after the making of the mortgage and before its filing. In respect to filing mortgages, it is provided by the code that "It shall be the duty of the county clerk, upon the presentation for that purpose of any mortgage or conveyance intended to operate as a mortgage of goods and chattels, or a copy of any such instrument, and the payment of his fees, to endorse thereon the time of receiving the same, and to deposit such instrument or copy in his office to be kept for the inspection of all persons interested." ( 2 Hill's Code, § 3054.) By this provision a chattel mortgage is not declared void as against creditors or subsequent purchasers because not filed; but when such mortgage has been filed, it ceases to be valid as against such creditors and purchasers after the expiration of one year from the filing of the same unless

the provisions of section 3056 are complied with.   Prior to 1862 a chattel mortgage not filed was void, (Code, 1855, 528); but this section was repealed by the statute of October 17, 1862, (Stat. 1862, 126.)   So that it appears our statutes, like those of nearly all the other states relating to the filing of chattel mortgages, formerly declared them void as to third persons, unless they were accompanied by delivery and possession, or were filed as prescribed by law.   Now, when a chattel mortgage is not filed and the chattels mortgaged are left in the possession of the mortgagor, it creates a presumption of fraud which is disputable, and may be removed by proving the *bona fides* of the transaction.

This change was wrought by section 776, subdivision 40, which provides that "every sale of personal property, capable of immediate delivery to the purchaser, and every assignment of such property by way of mortgage or security or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession, creates a presumption of fraud as against the creditors of the seller or assignor during his possession, or as against subsequent purchasers in good faith and for a valuable consideration, disputable only by making it appear upon the part of the person claiming under such sale or assignment that the same was made in good faith for a sufficient consideration, and without intent to defraud such creditors or purchasers; but the presumption herein specified does not exist in the case of a mortgage duly filed or recorded as provided by law."

"The presumption" as BOISE, J., said, "raised by this statute, which may be rebutted, is as to mortgages that have not been recorded." (*Orton* v. *Orton,* 7 Or. 482; 33 Am. Rep. 717.)

When the mortgage has been filed as prescribed by the law, the presumption of fraud does not exist although the possession of the property has been retained by the mortgagor; but when such mortgage has not been filed, a presumption of fraud is raised as against creditors and subse-

XXI OR.—21.

quent purchasers, not conclusive, however, but which may be rebutted "by making it appear that it was made in good faith." (*McCully* v. *Swackhamer*, 6 Or. 439.) Hence a chattel mortgage under our statutes, given in good faith, although not filed, is valid as against creditors and subsequent purchasers. In nearly all the other states it is provided that chattel mortgages shall be filed in a designated office or recorded; or else they shall not be valid as against creditors of the mortgagor or subsequent purchasers or incumbrancers without notice, unless the property mortgaged is delivered to and retained by the mortgagee. An excellent reference to the statutes of the several states may be found in a note under title "Chattel Mortgages," 3 Am. & Eng. Ency. 191. Under statutes of this sort, the failure or neglect to file or record the mortgage as may be prescribed is to render it void as against third persons, when the mortgagor retains possession of the mortgaged property, although it is valid as between the parties to it without any filing or change of possession. The filing or recording of the mortgage is a substitute for the mortgagee's possession or obviates its necessity. The distinction between such statutes and our own is, that in the former the mortgage is declared to be void as againt creditors and subsequent purchasers unless filed or recorded or is accompanied by delivery and possession; while in the same case under the latter, or our statute, it raises a presumption of fraud, which may be rebutted and its validity sustained. As our statutes now read, when a chattel mortgage is not filed and the possession of the property mortgaged is retained by the mortgagor, the case stands very much as it did at common law. It is true, in the earlier decisions, the presumption of fraud from possession was held to be conclusive, but the later and better considered cases hold that the fact of possession by the mortgagor is only *prima facie* a badge of fraud—that it may be rebutted by explanation showing the transaction to be fair and honest, and consistent with the terms of the contract; and that the presumption of fraud arising from

the circumstance of such possession is not an absolute inference of law but one of fact for the jury. (*Homes* v. *Crane*, 2 Pick. 607; *Jordan* v. *Turner*, 3 Blackf. 310; *Thornton* v. *Davenport*, 1 Scam. 296; 29 Am. Dec. 358; *Watson* v. *Williams*, 4 Blackf. 26; 28 Am. Dec. 36.) So now, when a chattel mortgage has not been filed our statute raises a presumption of fraud from the retention of possession of the mortgaged property by the mortgagor, which may be rebutted by showing that it was made on a good and valuable consideration and was *bona fide;* that such possession was fair and consistent with the terms of the mortgage and the nature of the transaction. In this way the whole transaction is examined, and every honest explanation that the party can show is admitted and referred to the jury for their decision.

It is clear, then, that the plaintiffs had a right to introduce their mortgage, although it had not been filed, and show that the possession of the mortgagor was consistent with its terms and the nature of the transaction, and that it was made in good faith and for a valuable consideration.

It results there was error, and that the judgment of the court must be reversed and a new trial ordered.