[Argued March 22, 1893; decided April 4, 1893.]

## MEIER ET AL. *v.* HESS ET AL.

[S. C. 32 Pac. Rep. 755.]

GARNISHMENT — RIGHTS OF ATTACHING CREDITOR — CODE, § 150.—Although, by section 150 of Hill's Code, an attaching creditor is placed in exactly the same position, with reference to the property attached, as a *bona fide* purchaser in good faith and for value ( *Rhodes* v. *McGarry*, 19 Or. 222 ), yet this must be taken in connection with the general rule that a garnishment operates only on the rights of the debtor at the time the writ is levied. A garnishment is not retroactive, nor does it give the plaintiff in the writ any greater rights against the garnishee than the defendant himself possesses, except in cases of fraud. *O. R. & N. Co.* v *Gates*, 10 Or. 514, *Baker* v *Eglin*, 11 Or. 334, *Phipps* v. *Rieley*, 15 Or. 497; *Case* v. *Noyes*, 16 Or. 329; *Riddle* v. *Miller*, 19 Or. 468, cited.

CHATTEL TRANSFERS — FRAUD — CODE, § 776, SUBD. 40.*— In Oregon, under subdivision 40 of section 776 of Hill's Code, a sale or mortgage of chattels or choses in action, unaccompanied by a change of possession, or a record of the instrument of transfer, creates, as against *bona fide* purchasers, only a presumption of fraud, which may be rebutted. *Marks* v. *Miller*, 21 Or. 317, cited and approved.

CHOSE IN ACTION — ASSIGNMENT — NOTICE.—In Oregon an assignment of a chose in action, made in good faith, for a sufficient consideration, and without an intent to defraud creditors or subsequent purchasers, is complete upon the mutual assent of the assignor and the assignee, without notice to any one.

ASSIGNEE OF CHOSE IN ACTION — ATTACHING CREDITOR — PRIORITY OF RIGHT.— A *bona fide* assignment of a chose in action gives the assignee a prior right to the fund as against a subsequent attaching creditor, though the garnishment may have been served on the debtor before he received notice of such assignment; and this will be the rule notwithstanding the position in which the attaching creditor is placed by section 150, Hill's Code, since the garnishment cannot reach any greater interest than the debtor has at the time of the levy.

---

*NOTE.—This opinion and the opinion in *Marks* v. *Miller* were both written before the act of February 20, 1893 ( Laws, 1893, 30 ), went into effect. By this last act a chattel mortgage, unaccompanied by immediate delivery, and continued change of possession, is void against subsequent purchasers and mortgagees in good faith unless the mortgage be recorded in the proper office within five days.— REPORTER.

ASSIGNMENT OF CHOSE — NOTICE TO GARNISHEE.— Notice to the debtor of the assignment of a chose is necessary to charge him with the duty of payment to the assignee; for if, without notice, he pay the debt to the assignor, or to a subsequent assignee, or on a garnishee process, he will be discharged.

Multnomah County.    LOYAL B. STEARNS, Judge.

This is a suit by the partnership of Meier & Frank to determine the conflicting claims of the defendants Hess, Goldsmith & Co., and Sophia Schwab, to a fund in the hands of the plaintiffs, who bring the suit to obtain a judicial determination of the priorities of the respective claimants.    The facts, which are not disputed, are that on March 23, 1891, Schwab & Bros. of New York, having a demand against plaintiffs on account for $1,544, for a valuable consideration sold, assigned, and transferred the same to defendant Sophia Schwab; that in the regular course of mail, and on April 1, 1891, plaintiffs, who reside in Portland, received written notice from Schwab & Bros., and from the defendant Sophia Schwab, that the claim and demand had been so assigned and transferred.    After such sale and transfer, but prior to the receipt of the notice thereof by plaintiffs, and on March 27, 1891, the defendants Hess, Goldsmith & Co., commenced an action in Multnomah County against Schwab & Bros. to recover the sum of $694, sued out a writ of attachment, and caused a notice of garnishment to be served on the plaintiffs, who immediately furnished to the sheriff a certificate of their indebtedness to Schwab & Bros., but did not pay over the money.    After the cause was at issue, it was referred to W. W. Thayer, Esq., who reported that the attaching creditor had a prior claim on the fund in plaintiffs' hands, as against the assignee of the fund.    This report was confirmed by the court, and a decree rendered in accordance therewith, from which defendant Sophia Schwab appeals.    Reversed.

*Joseph Simon (Dolph, Bellinger & Mallory* on the brief), for Appellants.

*Lewis B. Cox (Teal & Minor* on the brief), for Respondents.

BEAN, J. (after stating the facts as above).—The question here presented is as to the priority of right between the assignee of a chose in action, and an attaching creditor whose garnishment is served before notice to the debtor of the assignment. Under our statute its solution depends upon whether a failure to notify the debtor will invalidate the assignment of a chose in action, as against a subsequent *bona fide* purchaser from the assignor who first gave notice to the debtor of his purchase. By section 150, Hill's Code, an attaching creditor is placed in exactly the same position, with reference to his rights in the property attached, as a *bona fide* purchaser in good faith and for value: *Rhodes* v. *McGarry,* 19 Or. 222 (23 Pac. Rep. 971). Without this statute, which seems peculiar to our legislation, there can be no doubt that an assignment will take precedence over a subsequent attachment, for it is valid as between the parties, and the general rule is that the garnishment or attachment "operates only on the legal rights of the defendant in the attachment or judgment—such rights as the debtor could, by action at law, enforce in his own name. The plaintiff acquires no greater rights against the garnishee than the defendant himself possesses, except when the garnishee is in possession of property of the defendant under a fraudulent transfer from him. Nor does garnishment have any retroactive effect, so as to affect prior transactions between the garnishee and the defendant. Only, therefore, such demands can be subjected to garnishment as the defendant in his own name would have a right to recover in an action at law": LORD, J., in *O. R. & N. Co.* v. *Gates,* 10 Or. 514; *Baker* v. *Eglin,* 11 Or. 334 (8 Pac. Rep. 208); *Phipps* v. *Rieley,* 15 Or. 497 (16 Pac. Rep. 185); *Case* v. *Noyes,* 16 Or. 329 (19 Pac. Rep. 104); *Rhodes* v. *McGarry,* 19 Or. 222 (23 Pac. Rep. 971); *Riddle* v. *Miller,* 19 Or. 468 (23 Pac. Rep. 807).

But our statute undertakes to, and does, put the attaching creditor, not only on the footing of his debtor, but on that of a *bona fide* purchaser for value, which, in many instances, may place him in a better position as to the property attached than his debtor.

We are, therefore, confronted with the question as to whether, between successive purchasers of a chose in action, their rights will depend upon the priority of the assignment, or of notice to the debtor.    In England the rule undoubtedly is that the question which of successive assignees of the same obligation should be preferred, depends, not on the date of the respective transfers, but upon the time when they were communicated to the obligor:    *Dearle* v. *Hall*, 3 Russ. 1 ; *Loveridge* v. *Cooper*, 3 Russ. 30 ; Pomeroy, Eq. Jur. § 695 and notes.    And this rule has been adopted by the courts of many of the states in this country:    *Spain* v. *Hamilton*, 1 Wall. 624 ; *Camp bell* v. *Day*, 16 Vt. 558 ; *Vanbuskirk* v. *Hartford Ins. Co.* 14 Conn. 141 ( 36 Am. Dec. 473 ); *Hobson* v. *Stevenson*, 1 Tenn. Ch. 203 ; *Coldfelter* v. *Cox*, 1 Sneed, 330 ( 60 Am. Dec. 157 ); *Murdock* v. *Finney*, 21 Mo. 139.    It is explained by the courts adopting it as but an application to the case of an assignment of a chose in action, of the principle which renders void, as to *bona fide* purchasers, sales and transfers of chattels, unless accompanied by a delivery and continuous change of possession.    It is said that the act of giving the debtor notice is, in a certain degree, taking possession of the fund, and is going as far toward an actual change of possession as is possible, and if this notice is omitted, the assignee is guilty of the same degree and species of neglect, and must suffer the same consequences, as one who leaves a chattel, purchased by him, in the possession of his vendor.    In jurisdictions where the rule prevails that the sale of personal property capable of immediate delivery to the purchaser, is fraudulent and void as to subsequent *bona fide* purchasers, unless accompanied by immediate delivery, and followed by an actual change of possession, the reasoning

of the authorities cited seem unanswerable, and to rest
upon a solid foundation of argument.  But where, as in
this state, the sale of chattels, unaccompanied by a
change of possession, creates only a presumption of
fraud as against a *bona fide* purchaser, which may be
rebutted by showing that the sale was made in good
faith, for a sufficient consideration, and without intent to
defraud (Hill's Code, § 776, Subd. 40; *Marks* v. *Miller*,
21 Or. 317; S. C. 28 Pac. Rep. 14; 14 L. R. A. 190), the
foundation for the rule fails, and no sufficient reason can
be perceived why a plaintiff should obtain any other or
better rights, by the attachment of a chose in action
which had previously been assigned, but of which the
debtor had no notice, than he would obtain by the attach-
ment of a chattel which had been sold, but still remained
in the possession of his debtor.

It seems to us that, under the rule prevailing in this
state, an assignment of a chose in action, made in good
faith, for a sufficient consideration, and without intent to
defraud creditors, or subsequent purchasers, is complete
upon the mutual assent of the assignor and assignee, and
does not gain an additional validity, as against third per-
sons, by notice to the debtor ; and, as between successive
*bona fide* assignees of a chose in action from the same per-
son, the one prior in point of time will be protected,
though he has given no notice to either the subsequent
assignee or the debtor.   Notice is indeed needful in order
to charge the debtor with the duty of payment to the as-
signee, so that if, without notice, he pay the debt to the
assignor, or to a subsequent assignee, or on a garnishee
process, he will be discharged from the debt.   This
seems to us to be the better doctrine, as supported by
the general course of decisions in this country: 2 White
& Tudor, Lead. Cas. 1666; *Thayer* v. *Daniels*, 113 Mass. 129;
*Fairbanks* v. *Sargeant*, 104 N. Y. 108 (58 Am. Rep. 490;
9 N. E. Rep. 870) ; *Muir* v. *Schenck*, 3 Hill, 228 (38 Am.
Dec. 633) ; *Beckwith* v. *Union Bank*, 9 N. Y. 211; *Bholen*
v. *Cleveland*, 5 Mason, 174 ; *Dix* v. *Cobb*, 4 Mass. 507 ; *Wood*

v. *Partridge*, 11 Mass. 488. We are of the opinion, therefore, that the assignment of the debt against Meier & Frank to defendant Sophia Schwab, gave her a prior right to the fund, although the debtor did not receive notice of the assignment until after the attachment, and the decree must be reversed.