### LIEMAN v. NORTHERN COMMERCIAL CO. et al.

(Fourth Division.  Fairbanks.  April 22, 1922.)

No. 2566, Equity.

**Chattel Mortgages ☜196—Fraudulent Conveyances—Mortgages.**

On December 3, 1920, one Manger gave a real and chattel mortgage to Doring to secure the payment of a note for $1,500, due June 3, 1921.  The mortgage was not recorded as required by the statutes of Alaska.  Thereafter, on March 21, 1922, the mortgage was assigned to the plaintiff, who began suit for its foreclosure on March 22, 1922.  On the same day, or the following day, the defendant began a suit against Manger for debt and attached the property, obtained judgment on the 25th, issued execution, and caused the marshal to levy upon the property for sale to satisfy its judgment.  Plaintiff thereupon began this suit to restrain the marshal from selling the property.  *Held*, the failure of the mortgagee to file the mortgage in compliance with the statute of Alaska rendered the mortgage void as to creditors, and injunction denied.

This is an equity action for an injunction against the Northern Commercial Company and the United States marshal, to prevent them from selling certain property described in the complaint, which it is alleged was attached by the United States marshal and levied upon under execution, and upon which plaintiff claims to have a lien by virtue of a certain real and chattel mortgage.

The facts are, briefly:  That on the 3d day of December, 1920, Max Manger gave a real and chattel mortgage to one H. Doring to secure the payment of a note for $1,500, due on the 3d day of June, 1921; that on the 21st day of March,

☜See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1922, this mortgage was assigned to the plaintiff in this action, Lillian F. Lieman; that the day after the assignment, on the 22d day of March, 1922, the plaintiff in this action commenced an action in this court to foreclose the mortgage; and that on the same day, or the next day, the defendant in this action, the Northern Commercial Company, commenced a law action against Manger, and attached the property embraced in the mortgage, and afterwards, on the 25th day of March, 1922, took judgment and execution and levied upon the same property.

The complaint shows that the mortgage in the hands of Doring was never recorded as a real estate mortgage, and was never filed for record in the manner provided by our laws as a chattel mortgage, but that upon the day on which the execution was issued, which was the 25th day of March, 1922, the complaint recites the mortgage was filed in the office of the recorder of this precinct, at 5 minutes past 9, by the plaintiff herein, who is assignee of the mortgage. The mortgage was never recorded by the mortgagee; so that whatever infirmities there were, if any, in the note and mortgage, the note being at least eight months overdue, and the mortgage having been executed a year and two months, the assignee of the mortgage took both with notice of these infirmities.

At the time this action was filed an order to show cause was issued, requiring the Northern Commercial Company and the United States marshal to appear and show cause why an injunction should not be granted permanently, and after certain proceedings the defendants filed this demurrer to the complaint.

Howard J. Atwell, of Fairbanks, for plaintiff.
John A. Clark, of Fairbanks, for defendants.

CLEGG, District Judge. The question presented for decision is: What are the rights of the assignee of the mortgage as against the attachment of the Northern Commercial Company, and as against its levy and execution; the attachment having been made on the 23d day of March, 1922, and the execution issued on the 25th day of March, 1922? The complaint does not show that the chattel mortgage was ever filed for record with the recorder of the precinct in the manner

provided by law; it merely says it was filed. Nor does the complaint show that the mortgage was recorded as a real estate mortgage. The complaint does not show any fact, as to the real property, why the attachment should not be good, but appears to complain only as to the acts of the defendants with reference to the chattel property; so that, so far as the complaint itself is considered, there is no relief sought at all with reference to the real property.

Now, referring to sections 551 and 553 of our Code, chapter 13, and sections 739 and 743 of our Code, referring to chattel mortgages, and referring to the Session Laws of Alaska 1919, c. 21, which amends sections 553, 554, and 744, it will be seen that in this territory where, as in this case, the chattel property is not delivered to the mortgagee at the time of its execution, but is retained by the mortgagor, that it must be accompanied by an affidavit of good faith, and it must be acknowledged and filed in the manner prescribed in this Code in order to exempt the property from the claims of any creditor, subsequent purchaser, or incumbrancer in good faith. These sections also provide that the mortgage shall be filed with the recorder of the precinct in the manner prescribed, and that the mortgage shall be void unless, within a year after the date of the filing, a subsequent filing is made by affidavit in the manner provided by the Code; so that it is clear in my mind that the Code requires that the mortgage be filed with diligence, with reasonable diligence, at least, although it does not provide at what time it shall be filed.

The courts of Montana hold these sections, which are in derogation of the common law, under which property, when mortgaged, was always delivered to the mortgagee, should be strictly construed, and, construing these sections strictly in accordance with that rule, which meets with my approval, there never was any attempt made to file this mortgage in the manner prescribed for chattel mortgages to be filed, until it passed into the hands of the mortgagee 14 months after its execution and 8 months after the note for which it was given as security matured. Probably it never would have been filed, if the defendants in this action had not started these attachments proceedings.

This provision, allowing the property to be retained in the hands of the mortgagor and requiring the filing of the mort-

gage, the authorities all hold is a substitute for the delivery of the property and for the retention of it.

The demurrer raises all these points, and presents that the mortgage was void as against the Northern Commercial Company, who was a creditor. But it is contended by the plaintiff in this action that the word "creditor," as used in the statute, must have added to it the words, which are coupled with it, "purchaser or incumbrancer in good faith"; but the weight of authority does not so hold. The word "creditor" is used in the statute in a general sense, and with no restrictions whatever.

If the contention of the defendants should be sustained, in opposition to the express wording of the statute, the court would be put in the position of holding that a chattel mortgage, which is not filed in the manner prescribed by our statutes, has a greater vitality and greater strength than a chattel mortgage, which is duly and seasonably filed. I cannot take that view.

I am compelled by my reading of the authorities to hold that the failure of the mortgagees to file this chattel mortgage in the manner prescribed by the statute, and the failure of the assignee of the mortgage to do so, renders the mortgage void as against the creditor, the Northern Commercial Company. The authorities all hold that these provisions must be strictly and diligently complied with, and one coming into a court of equity, seeking equitable relief, must show that he has been diligent in the preservation of his rights, and when it appears that he has not been diligent the court is unable to protect him.

There is nothing in the allegations of the complaint which requires the court to rule upon the validity or invalidity of the real estate mortgage. Nor does the complaint contain allegations claiming superior rights to the defendant under the attachment or levy of the execution, but only recites it as a fact that the property is attached, and plaintiff's rights will be jeopardized if it is not protected. In my view a chattel mortgage is void by reason of the failure to file as to all creditors, no matter whether they are subsequent or prior to the giving of the mortgage.

The following is a memorandum of the authorities followed in these conclusions: Session Laws Alaska 1919, c. 21; Hinchman v. Point Defiance Ry. Co., 14 Wash. 349, 44 Pac. 867,

871; Vorenberg Co. v. Bosserman, 17 N. M. 433, 130 Pac. 438, 441; Cent. Digest vol. 9, p. 2766; 11 Corpus Juris, 516, § 1191; Marks v. Miller, 21 Or. 317, 28 Pac. 14, 14 L. R. A. 191; Greenville v. Evans-Snyder Buel Co., 9 Okl. 353, 60 Pac. 249: 6 Cyc. 1068; In re Farmers' Co-op. Co. (D. C.) 202 Fed. 1008; Thompson v. Crosby, 16 Okl. 316, 82 Pac. 643; In re Schilling (D. C.) 251 Fed. 973; Westheimer v. Goodkind, 24 Mont. 90, 60 Pac. 813; Jones on Chattel Mortgages, § 318, p. 453; Cardenas v. Miller, 108 Cal. 250, 39 Pac. 784, 41 Pac. 472, 49 Am. St. Rep. 84.

Generally, for those reasons, the demurrer to the complaint will be sustained on all the grounds raised therein.

---

⬉See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes