**EQUILEASE CORPORATION,
Plaintiff-Appellant,**

v.

**STATE FEDERAL SAVINGS AND LOAN ASSOCIATION, a Federal Savings and Loan Association, Defendant-Appellee.**

**No. 79–1594.**

United States Court of Appeals,
Tenth Circuit.

Argued March 16, 1981.

Decided May 8, 1981.

John B. Wimbish of Ungerman, Conner, Little, Ungerman & Goodman, Tulsa, Okl., for plaintiff-appellant.

John Henry Rule, II, Tulsa, Okl. (Richard W. Gable, Tulsa, Okl., with him on brief) of Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, Okl., for defendant-appellee.

Before HOLLOWAY, BARRETT and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

This is an appeal from summary judgment granted to State Federal Savings and Loan Association (State Federal), defendant below, in an action brought by Equilease Corporation (Equilease), plaintiff below, seeking damages in amount of $42,000.00, together with interest, costs and attorney fees. Federal jurisdiction vests by virtue of diversity of citizenship.

Upon review of grant of summary judgment, the appellate court must be guided by the principle that summary judgment cannot be granted unless the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.Rules Civ.Proc., rule 56(c), 28 U.S.C.A.; *Cayce v. Carter Oil Co.,* 618 F.2d 669 (10th Cir. 1980); *Madison v. Deseret Livestock Company,* 574 F.2d 1027 (10th Cir. 1978); *Mustang Fuel Corporation v. Youngstown Sheet & Tube Company,* 516 F.2d 33 (10th Cir. 1975). Pleadings and documentary evidence must be construed liberally in the light most favorable to the party opposing the motion. *National Avia-*

*tion Underwriters, Inc. v. Altus Flying Service, Inc.,* 555 F.2d 778 (10th Cir. 1977); *Harman v. Diversified Medical Investments Corporation,* 488 F.2d 111 (10th Cir. 1973), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). With these standards guiding us, we will review the undisputed facts.

On October 31, 1973, Equilease leased seven trucks to Henry Oil Company, Inc. (Henry Oil). The lease was secured by six savings certificates, each in amount of $7,000.00, issued by State Federal to Henry Oil. These certificates were pledged and delivered to Equilease by Henry Oil on November 12, 1973.

Henry Oil subsequently encountered financial straits and on December 13, 1974, representatives of Henry Oil notified State Federal that the six savings certificates had been lost and that Henry Oil desired to effect an early withdrawal of the funds. On December 16, 1974, Henry Oil was permitted by State Federal to withdraw the entire amount of the deposits represented by the six certificates. At that time, State Federal had not been notified of the pledge agreement between Equilease and Henry Oil and had not acknowledged in writing notice of the pledge of the six savings certificates. On May 27, 1975, Henry Oil defaulted on one of its leases with Equilease, and it was then that Equilease discovered for the first time that Henry Oil had withdrawn the funds pledged.

In its complaint, Equilease alleged two causes of action against State Federal. The fifth cause of action alleged that State Federal was negligent and failed to exercise due care and due diligence in protecting Equilease as the true owner and holder of the savings certificates in that State Federal permitted Henry Oil to receive cash representing the value of the savings certificates without first presenting the certificates and the passbooks issued with the certificates. The fourth cause of action alleged that inasmuch as Equilease was the true owner and holder of the savings certificates and passbooks by virtue of the pledge by Henry Oil, State Federal violated the express terms of the certificates by allowing Henry Oil to withdraw the funds without first presenting the passbooks. Further, Equilease alleged that because it was in possession of the passbooks (and certificates) it was entitled to receive the payment.

*District Court's Order*

Following completion of all pleadings and based upon the pleadings, affidavit, admissions, response to interrogatories, and briefs of the parties, the District Court granted State Federal's motion for summary judgment.

The Court found/ruled that both the fourth and fifth causes of action, *supra,* sound in negligence and if Equilease's security was damaged by State Federal, same occurred in December of 1974 when the funds were withdrawn. Accordingly, based on lack of allegation of fraudulent concealment by State Federal that the funds had been withdrawn, the two-year statute of limitations prescribed under Title 12 Okla. St.Ann. § 95 barred the causes of action. Specifically, the Court succinctly reasoned/ruled:

... The funds in question were paid to Henry Oil in accordance with the provisions of Title 12 C.F.R. § 545.2(c), which provides in part as follows:

"(c) Ownership of record. A Federal association may treat the holder of record of a savings account as the owner for all purposes without being affected by any notice to the contrary unless such Federal association has acknowledged in writing notice of a pledge of such savings account."

As previously stated, State Federal had no notice of the pledge of the certificates at the time of the withdrawal of the funds, and it was therefore entitled to treat the holder of record, Henry Oil, as the owner for the purpose of paying the funds represented by the savings certificates. Plaintiff argues that Title 12 C.F.R. § 545.2(d) imposed an affirmative duty upon State Federal to obtain an affidavit from Henry Oil, stating that the

certificates had not been pledged, before paying the funds to it. Section 545.2(d) provides:

"(d) Duplicate account books and certificates. Upon filing with a Federal association by the holder of record as shown by the books of the association, or by his legal representative, of an affidavit to the effect that the certificate or account book evidencing his savings account with the association has been lost or destroyed, and that such certificate or account book has not been pledged or assigned in whole or in part, such Federal association shall issue a new certificate or account book evidencing such savings account in the name of the holder of record: Provided, That the board of directors shall, if in its judgment it is necessary, require a bond in an amount sufficient to indemnify the association against any loss which might result from the issuance of such new certificate or account book."

The regulation therefore specifies the procedure to be followed in the event such an affidavit is filed by the holder of record. No such affidavit was filed in this case, and, consequently, § 545.2(d) is not applicable. In any event, because the regulation does not create a liability for its violation, plaintiff's reliance on it can only be for the purpose of establishing a duty on the part of State Federal, the breach of which allegedly caused its loss. Therefore, both the fourth and fifth causes of action sound in negligence.

As one of the grounds for its motion for summary judgment, State Federal contends that plaintiff's fourth and fifth causes of action are barred by the applicable statute of limitations. The statutory period within which an action sounding in negligence must be brought is two years. Title 12 O.S. § 95. In Oklahoma, "... a statute of limitations begins to run when a cause of action accrues, and a cause of action accrues at the time when a plaintiff first could have maintained his action to a successful conclusion." *Oklahoma Brick Corp. v. McCall*, 497 P.2d 215 (Okl.1972).

Plaintiff argues that the statute did not begin to run until May of 1975, when it first learned that the funds had been withdrawn by Henry Oil. However,

"[a]s a general rule, the mere ignorance of the existence of a cause of action or the facts constituting a cause of action on the part of a person in whom a cause of action lies will not toll its running. This rule applies unless a statute specifically provides that the limitations do not begin to run until the person in whom the cause of action lies has actual knowledge of it, or unless there has been a fraudulent concealment of the cause of action on the part of the person against whom it lies." *Knudson v. Weeks*, 394 F.Supp. 963, 971 (W.D.Okla.1975).

The statute applicable to this case does not require such actual notice, and there is no allegation or indication of any fraudulent concealment by State Federal of the fact that the funds had been withdrawn. If the plaintiff's security was damaged, such damage occurred when the funds were withdrawn in December of 1974. Plaintiff's cause of action accrued at that time. Under the circumstances of this case, the fact that plaintiff was not aware of its injury until some five months later is immaterial to a determination of when the statute of limitations began to run. The present action was filed on January 31, 1977, more than two years after the statute began to run in December, 1974. Plaintiff's fourth and fifth causes of action are therefore barred by the statute of limitations.

For the foregoing reasons, it is hereby ordered that plaintiff's motion for summary judgment on its fourth cause of action is hereby overruled, and State Federal's motion for summary judgment on plaintiff's fourth and fifth causes of action is hereby sustained.

[R., Vol. I, at pp. 126–128].

## Contentions on Appeal

On appeal, Equilease contends that the District Court erred in (1) finding that its

fourth cause of action was barred by the two year (tort) statute of limitations inasmuch as it did not sound in tort, and (2) failing to find as a matter of law that it was entitled to summary judgment.

### Our Disposition

Equilease argues that when Henry Oil breached the terms (non payment of rental) of one of the lease agreements entered into with Equilease, the savings certificates were then owned by Equilease. Predicated on the proposition that Equilease succeeded to the interest of Henry Oil in the savings certificates following their assignment (pledge), it is contended that State Federal breached its contractual obligation to Equilease created under the cited regulations notwithstanding that Equilease had not notified State Federal of the assignments prior to payment of the funds to Henry Oil. Equilease contends that "[a]t the time of the assignment Equilease stepped immediately into Henry Oil Company's shoes and became related contractually to State Federal. The lack of notice to State Federal had no effect on the validity of the assignment... Therefore, whether or not State Federal may defend on the ground that it has discharged the debt by payments to the assignor before notice of the assignment has no affect on the fact that by virtue of Equilease's acquisition of rights from Henry Oil Company a contract did exist between Equilease and State Federal..." [Brief of appellant, p. 11].

■ A statute of limitations is a statute of repose, and is intended to run against those who are neglectful of their rights and fail to use reasonable and proper diligence in enforcing them. *Seitz v. Jones*, 370 P.2d 300 (Okl.1961). A cause of action accrues at the moment the party owning it has a legal right to sue. *Harmon v. Harmon*, 527 P.2d 610 (Okl.App.1974). We agree with the District Court's finding that no contractual relationship blossomed between Equilease and State Federal (and, thus, no cause of action accrued) simply because Equilease failed to notify State Federal of the pledge. Lacking such notice, Equilease is not in a position to complain of any breach of contract between Henry Oil and Equilease.

■ It is generally agreed that prior to notification of an assignment, a debtor may pay the creditor the funds owing and such payment constitutes a complete defense against an action brought by the undisclosed assignee against the debtor. *Salem Trust Company v. Manufacturers' Finance Co.*, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924) Anno., 31 A.L.R. 876, *et seq.*; *Stansbery v. Medo-Land Dairy, Inc.*, 5 Wash.2d 328, 105 P.2d 86 (1940); *Giannini v. Wilson*, 43 N.M. 460, 95 P.2d 209 (1939); *Gibraltar Realty Corp. v. Mt. Vernon Trust Co.*, 276 N.Y. 353, 12 N.E.2d 438, 115 A.L.R. 322 (N.Y.1938); *Ornbaun v. First National Bank*, 215 Cal. 72, 8 P.2d 470 (1932); *Schumann v. Bank of California*, 114 Or. 336, 233 P. 860, 37 A.L.R. 1531 (1925); *Le Porin v. State Exchange Bank*, 113 Kan. 76, 213 P. 650 (1923), *aff'd* 113 Kan. 428, 215 P. 318 (1923); *Citizens Nat. Bank v. Mitchell*, 24 Okl. 488, 103 P. 720 (1909); *Jack v. National Bank*, 17 Okl. 430, 89 P. 219 (1906).

■ The general rule is that, as between the assignor and his assignee and the assignor's creditors or those who merely succeed to the rights of and stand in his shoes, notice of the assignment to the debtor or holder of the fund is not a prerequisite to the protection of the assignee. *See* 6 Am.Jur.2d, *Assignments*, § 97, and cases cited. However, the requirement as to notice applies to the assignment of obligations represented by the savings certificates involved in the instant case, in order to create a liability flowing from the debtor to the assignee who failed to give notice. 6 Am. Jur.2d, *Assignments*, § 96, and cases cited; 6A C.J.S., *Assignments*, § 87; Anno., 44 A.L.R.2d 24. Oklahoma has followed the general rule that an assignee must notify the debtor prior to debtor's payment to the assignor in order to bind the debtor to the obligation asserted by the assignee. *American Inv. Co. v. Baker*, 104 Okl. 95, 230 P. 724 (1924); *State Guaranty Bank of Okeene v. Doefler*, 99 Okl. 258, 226 P. 1054 (1924). The rule was well stated in *Meier v. Hess*, 23 Or. 599, 32 P. 755, 756 (1893):

... [A]n assignment of a chose in action, made in good faith, for a sufficient consideration, and without intent to defraud creditors, or subsequent purchasers, is complete upon the mutual assent of the assignor and assignee, and does not gain an additional validity, as against third persons, by notice to the debtor ... Notice is, indeed, needful, in order to charge the debtor with the duty of payment to the assignee, so that if, without notice, he pay the debt to the assignor or to a subsequent assignee, or on a garnishee process, he will be discharged from the debt.

32 P. at p. 756.

■ Equilease's fourth cause of action alleged a breach of contract theory. The predicate was that because Equilease became the owner of the savings certificates following their pledge from Henry Oil, Equilease was entitled to rely upon the express terms of the savings certificates that no withdrawals could be expected without presentation of the passbooks issued by State Federal. In light of its failure to give notice, we hold that Equilease is not entitled to invoke a contractual obligation against State Federal. *See Murphy v. Colonial Federal Savings and Loan Association*, 388 F.2d 609 (2d Cir. 1967). Further, there are no facts from which a contract implied in fact or in law can be found in the instant case. *See* 17 C.J.S., *Contracts*, § 4 (1963); 17 Am.Jur.2d, *Contracts*, § 4; 15 Okla.St.Ann. § 133 (1971); *Texas Co. v. Forson*, 196 Okl. 599, 167 P.2d 877 (1946).

■ However, even should we assume that Equilease succeeded to the contractual rights of Henry Oil as against State Federal following the pledge, we conclude, as did the District Court, that for the reasons above stated, the action is one sounding in tort. Hence, the two-year statute of limitations, 12 Okla.St.Ann. § 95 (1971) applies. This holding finds support in *Mullendore v. Sohio Petroleum Company*, 438 F.2d 1099 (10th Cir. 1971), interpretive of Oklahoma law. In that case the facts were: The Mullendores, owners only of surface rights to the subject lands, suffered damages to the land, fences, hay and cattle on January 24, 1967, after a fire started in the range grass when certain power lines placed on the property by Sohio Petroleum Company, lessee by virtue of a mining lease, came together during a high wind resulting in electrical discharge, causing sparks and fire. The original complaint, filed on January 29, 1969, alleged negligence against Sohio. After the case was removed to federal court, Sohio moved to dismiss and, subsequently, for summary judgment on the ground that the Oklahoma two-year statute of limitations on tort actions barred the action. Thereafter, Mullendores moved to amend the complaint, abandoning the original negligence claim and alleging breach of contract under the Sohio lease, absolute liability, statutory negligence and damages to a surface owner under a particular Oklahoma statute. A motion to dismiss was granted, on the ground that the amended complaint was simply an attempt by the Mullendores to circumvent the two-year statute of limitations, and that the attempt failed inasmuch as the action sounded in tort, not contract. This court affirmed, relying on the rule laid down by the Oklahoma Supreme Court in *Jackson v. Central Torpedo Co.*, 117 Okl. 245, 246 P. 426 (1926) and other cited cases, that "where a contract is the mere inducement creating the state of things that furnishes the occasion for the tort, the tort, not the contract, is the basis of the action. Also propounded therein is the proposition that, if a duty to take care arises from the relation of the parties irrespective of a contract, the action is one of tort." 438 F.2d at p. 1101. *See also: Stowell v. Engleson*, 201 Okl. 105, 201 P.2d 919 (1948).

The language above quoted from *Mullendore, supra*, is applicable to the undisputed facts in the case at bar. The analogy is striking. In *Mullendore, supra*, the appellants' (third party beneficiaries) grievance was held to be that the appellee was negligent in attempting to perform under the mining lease. In the instant case, Equilease (assignee who had not given notice) charges that State Federal was negligent in paying

the funds to Henry Oil in its attempt to perform under the savings certificates agreements and governing regulations.

We conclude that the District Court did not err in granting summary judgment to State Federal.

WE AFFIRM.